

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00042-CR

RAYFORD GLEN ROBERSON                                               APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1413326D

----------

## MEMORANDUM OPINION[1]

----------

Pro se appellant Rayford Glen Roberson appeals his state-jail felony conviction for criminal mischief causing pecuniary loss between $1,500 and $20,000. In what we construe as four points, Roberson argues that the evidence is insufficient to support his conviction, that the trial court erred by denying his motion to quash the indictment, that he did not receive effective assistance of

---

[1]See Tex. R. App. P. 47.4.

counsel, and that the trial court abused its discretion by excluding an exhibit that he offered. We reject these complaints and affirm the trial court's judgment.

**Background Facts**

By his admission, one day in April 2015, Roberson cut a catalytic converter off Melvin Patterson Jr.'s Dodge truck, which was parked in a lot. Jacob Hansen, a Euless police officer who is assigned to the Tarrant Regional Auto Crimes Task Force, discovered the catalytic converter near three vehicles, looked on the undercarriage of Patterson's truck (one of the three vehicles), and noticed that the catalytic converter had been cut off. Officer Hansen called Patterson to tell him that his truck had been damaged. Patterson had the truck towed to a car dealership to repair it. He paid the dealership $7,962.49 for the repair. The truck ran well for a couple of weeks before breaking down, and Patterson then paid $1,200 to repair it again. The police connected Roberson to the crime, and in a pretrial statement, he admitted cutting off the catalytic converter.

A grand jury indicted Roberson with committing criminal mischief. The indictment alleged that he

> INTENTIONALLY OR KNOWINGLY DAMAGE[D] OR DESTROY[ED] TANGIBLE PROPERTY, TO-WIT: A DODGE PICK-UP TRUCK BY CUTTING OUT THE CATALYTIC CONVERTER, WITHOUT THE EFFECTIVE CONSENT OF MELVIN PATTERSON, THE OWNER OF SAID PROPERTY, AND DID THEREBY CAUSE PECUNIARY LOSS OF $1500 OR MORE, BUT LESS THAN $20000 TO THE SAID OWNER.

For sentence-enhancement purposes, the indictment also alleged that Roberson had prior felony convictions.

2

The trial court appointed counsel to represent Roberson. Before trial, by a handwritten letter, Roberson informed the trial court that he had a conflict with counsel and that he wanted different counsel. By another letter, Roberson alleged that his counsel was "attempting to cause [him] harm." Roberson also filed a motion to quash the indictment, contending that the indictment failed to state allegations in plain, intelligible words; wrongly based the pecuniary loss on the cost to replace a catalytic converter rather than the fair market value of a new catalytic converter; and alleged only a misdemeanor rather than a felony.

Before the trial began, the trial court held a hearing in which Roberson asked to represent himself. The trial court admonished Roberson about matters related to self-representation and decided that he could proceed pro se. The trial court also held a hearing on pretrial motions and denied Roberson's motion to quash the indictment.

At a jury trial, Roberson, proceeding pro se but with the assistance of standby counsel, pleaded not guilty. He testified that he knew that cutting off the catalytic converter would damage Patterson's truck.[2] While he admitted that he had acted illegally by cutting off the catalytic converter, he proposed that he should have been charged with attempted theft instead of criminal mischief.[3]

---

[2]When the State asked Roberson whether he had caused more than $1,500 damage to Patterson's truck, he responded, "That's possible. The repair cost and the installation, it could have been very well over that."

[3]Similarly, on appeal, Roberson argues that he "attempted to [commit] the offense of theft . . . by cutting the catalytic converter off of the Dodge truck."

3

After considering the parties' evidence and arguments and deliberating for thirteen minutes, the jury found Roberson guilty of criminal mischief. The jury heard more evidence and arguments concerning his punishment, found the indictment's enhancement allegations true, and assessed ten years' confinement. The trial court sentenced him accordingly, and he brought this appeal.

**Evidentiary Sufficiency**

In his first point, Roberson contends that the evidence is insufficient to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). To determine whether the State has met its burden under *Jackson* to prove a defendant's guilt beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *See Jenkins*, 493 S.W.3d at 599; *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012) ("The essential elements of the crime are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the

4

defendant was tried.  *Jenkins*, 493 S.W.3d at 599.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument.  *See id.*

Under section 28.03 of the penal code, a person commits criminal mischief if the person intentionally or knowingly damages or destroys tangible property without the property owner's effective consent.  Tex. Penal Code Ann. § 28.03(a)(1) (West Supp. 2017).  At the time of Roberson's offense, criminal mischief that caused pecuniary loss between $1,500 and $20,000 was a state jail felony.  *See* Act of May 23, 2009, 81st Leg., R.S., ch. 638, § 1, 2009 Tex. Gen. Laws 1433 (amended 2015) (current version at Tex. Penal Code § 28.03); *Lackey v. State*, 290 S.W.3d 912, 918 (Tex. App.—Texarkana 2009, pet. ref'd) (explaining that the value of pecuniary loss is a "crucial element of the offense because it forms the basis of the punishment assessed").  "Pecuniary loss" for property destroyed by criminal mischief is, if ascertainable, the fair market value of the property at the time and place of the destruction.  Tex. Penal Code Ann. § 28.06(a)(1) (West Supp. 2017).  "Pecuniary loss" for property damaged by criminal mischief is the "cost of repairing or restoring the damaged property within a reasonable time after the damage occurred."  *Id.* § 28.06(b).  When a criminal mischief indictment alleges that the defendant damaged or destroyed property, the evidence is sufficient if it shows either damage or destruction.  *See*

*Adams v. State*, 222 S.W.3d 37, 48 (Tex. App.—Austin 2005, pet. ref'd); *Cullen v. State*, 832 S.W.2d 788, 796 (Tex. App.—Austin 1992, pet. ref'd).

We construe Roberson's brief as arguing that the evidence is insufficient to prove that he caused damage or destruction, to prove his culpable mental state, and to prove Patterson's resulting pecuniary loss under theories of either damage or destruction. We disagree. The evidence, including Roberson's testimony, established that he cut a catalytic converter off of Patterson's truck without Patterson's consent, that he knew that he was damaging Patterson's truck by cutting off the catalytic converter, and that repairs to the damaged truck cost Patterson between $1,500 and $20,000, as the indictment alleged.[4] Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could have found all the elements of criminal mischief causing pecuniary loss between $1,500 and $20,000 beyond a reasonable doubt.[5] *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at

---

[4]To the extent that Roberson argues that the State was required to present expert testimony about the amount of Patterson's pecuniary loss or that Patterson's testimony along with the repair receipt were insufficient to prove the loss, we disagree. *See Holz v. State*, 320 S.W.3d 344, 350, 352 (Tex. Crim. App. 2010); *see also Evans v. State*, No. 04-13-00457-CR, 2014 WL 2802909, at *3 (Tex. App.—San Antonio June 18, 2014, no pet.) (mem. op., not designated for publication) (holding that an invoice showing the amount paid to repair damaged windows proved pecuniary loss in a criminal mischief case). Furthermore, nothing in the record supports Roberson's assertion on appeal that the State "elected to proceed on a theory of destruction to the catalytic converter" rather than on a theory of damage to the truck.

[5]We reject Roberson's argument that his conviction for criminal mischief is infirm simply because his conduct could have also constituted theft or attempted

6

599; *see also* Tex. Penal Code Ann. §§ 28.03(a)(1), .06(b). We overrule Roberson's first point.[6]

## Motion to Quash

In Roberson's second point, he challenges the trial court's denial of his motion to quash. He argues that the indictment was defective because it did not describe the manner and means by which he damaged or destroyed the truck, because it did not allege "facts by which the prosecution would establish damage or [destruction]," because it did "not appear from the indictment that an offense against the law was committed," because the indictment's "pecuniary loss amount . . . [was] not the fair market value for the repair, restoration, [or] replacement of the property," because the indictment did not use plain and intelligible words, and because the indictment was duplicitous.

An accused is guaranteed fair notice of the nature and cause of the accusations against him. *Rodriguez v. State*, No. 02-16-00169-CR, 2017 WL 3910979, at \*5 (Tex. App.—Fort Worth Sept. 7, 2017, pet. ref'd) (mem. op., not

---

theft. *See Mallett v. State*, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001) (holding that a defendant could be convicted of both aggravated assault and criminal mischief based on one criminal incident). We also reject Roberson's contention that the State failed to establish the corpus delicti of criminal mischief; the cut-off catalytic converter proved the essential nature of the crime. *See Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015) (stating that when a defendant makes an extrajudicial confession, the corpus delicti rule requires evidence showing that the essential nature of a charged crime was committed by someone).

[6]We deny Roberson's "Motion to Take Judicial Notice," which he filed in this court in September 2017.

7

designated for publication) (citing *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)); *see State v. Barbernell*, 257 S.W.3d 248, 250–51 (Tex. Crim. App. 2008).  "Toward that end, Chapter 21 of the Texas Code of Criminal Procedure governs charging instruments and provides legislative guidance concerning the requirements and adequacy of notice."  *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017).

> Under chapter 21, an indictment is sufficient if it
>
> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

Tex. Code Crim. Proc. Ann. art. 21.11 (West 2009); *see also id.* § 21.02 (West 2009) (setting forth requisites of an indictment, including that the indictment must set forth the offense in "plain and intelligible words").  In most cases, "a charging instrument possesses sufficient specificity to provide a defendant with notice of a charged offense when it tracks the language of a criminal statute."  *Rodriguez*, 2017 WL 3910979, at *5 (citing *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996)); *see State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) ("An indictment that tracks the language of a statute usually gives sufficient notice.").  We review a trial court's denial of a motion to quash an indictment de novo.  *See State v. Richardson*, 439 S.W.3d 403, 404 (Tex. App.—Fort Worth 2014, pet. ref'd).

8

Roberson's indictment tracked section 28.03's language by alleging, in plain and intelligible words, that without Patterson's effective consent, Roberson intentionally or knowingly damaged or destroyed tangible property, the truck, therefore causing pecuniary loss between $1,500 and $20,000. The indictment also alleged the means by which Roberson damaged the truck: cutting out the catalytic converter.[7] We conclude and hold that the language in the indictment satisfied the notice requirements articulated above in charging the single offense of criminal mischief and that the trial court did not err by overruling Roberson's motion to quash the indictment in this case.[8] We overrule his second point.

---

[7]We reject Roberson's contention that the indictment did not specify a manner and means of committing criminal mischief. We also reject Roberson's argument that there was any material variance (or any variance at all) between cutting "out" the catalytic converter, as the indictment alleged, and cutting "off" the catalytic converter, which he concedes he did. *See Johnson v. State*, No. 12-14-00160-CR, 2015 WL 5439743, at *5 (Tex. App.—Tyler Sept. 16, 2015, no pet.) (mem. op., not designated for publication) (holding that in a criminal mischief case, a variance between the indictment's allegation that the defendant broke a window with her foot and the evidence that she broke it in an unspecified way was immaterial because the gravamen of criminal mischief is "damage to tangible property, not the particular way the damage was caused").

[8]Roberson also appears to contend that the trial court erred by not ruling on motions to quash other indictments related to theft charges. This appeal, however, concerns a conviction from a single indictment for criminal mischief.

9

## Assistance of Counsel

In what we construe as his third point, Roberson contends that the trial court denied his right to effective assistance of counsel. He first argues that the trial court erred by denying his motion to substitute counsel.

Before trial, in 2016, Roberson informed the trial court in writing of his request for different appointed counsel. In letters, he stated that he had a conflict with his appointed counsel and expressed his belief that counsel wanted to physically harm him.

In November 2016, the trial court held a pretrial hearing. At that hearing, Roberson complained that his counsel had not visited him and had not "done anything that [Roberson expected] from [his] attorney, not even the minimum." When the trial court asked Roberson whether he wanted to represent himself, Roberson said, "I would like another attorney that would represent me. . . . [J]ust him standing in as appointed [counsel] is not representation as far as I'm concerned." Without expressly ruling on Roberson's request for new appointed counsel, the trial court again asked Roberson whether he wanted to represent himself. Roberson said that he wanted to do so.

In January 2017, the trial court held another pretrial hearing, and appointed counsel appeared with Roberson. The trial court stated that counsel had contacted the court and had informed the court of Roberson's desire to represent himself. Roberson again confirmed that he wanted to represent himself and expressed that he was "confident" that he could do so; he did not ask for the

appointment of new counsel. The trial court expressed that it would allow Roberson to proceed pro se. In February 2017, when the trial began, Roberson again expressed his desire to proceed pro se, and the trial court permitted him to do so with the assistance of standby counsel.

Assuming, without deciding, that the trial court implicitly denied Roberson's request for new appointed counsel, we must review that denial for an abuse of discretion. *See Coleman v. State*, 246 S.W.3d 76, 85 n.36 (Tex. Crim. App. 2008); *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A trial court has no duty to search for counsel agreeable to a defendant. *King*, 29 S.W.3d at 566. The defendant carries the burden of proving an entitlement to change counsel. *Barnett v. State*, 344 S.W.3d 6, 24 (Tex. App.—Texarkana 2011, pet. ref'd). "[P]ersonality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *King*, 29 S.W.3d at 566.

Here, Roberson presented scant evidence to the trial court to support his request for a change of appointed counsel. His statements to the trial court at the November 2016 hearing indicate that he principally differed with counsel about their interpretations of the relevant law and about the validity of his motion to quash the indictment (which the trial court ultimately denied). At that hearing, Roberson's counsel informed the trial court that he had explained legal issues to Roberson and that Roberson had expressed "different opinions" about those issues. Counsel also stated,

11

Judge, he keeps saying I didn't do anything. I've researched all the points. I've told him what my interpretation of the law is on them, and I believe his interpretation is wrong. I mean, that's all I can do. He won't take the offer that the State's made. He keeps saying I'm trying to make him go to trial and stuff. But he's the one that won't take an offer.

During the hearing, the State also opined about counsel's representation of Roberson; the prosecutor stated,

I just want to . . . put on the record that [defense counsel] and I had numerous conversations. [Defense counsel] has come to me on a number of occasions and asked me to get items from another county, which I have done on a number of occasions, and I have done everything he's asked me to do.

We have frequently talked about the law, and he and I are in agreement with what the statute says and what our indictment says, and it tracks the language of the statute. But . . . [defense counsel] is working very hard for his client. Even though his client doesn't think so, we have had numerous conversations and negotiations about this case.

Given the weak evidence supporting Roberson's request to change counsel, counsel's representation that he had researched the matters that Roberson had brought to his attention, and the State's representation that counsel had diligently worked on Roberson's case, including presenting to the State the legal matters that Roberson was concerned about, we cannot conclude that the trial court abused its discretion by denying Roberson's request to change appointed counsel. *See Coleman*, 246 S.W.3d at 85 n.36; *King*, 29 S.W.3d at 566. To that extent, we overrule Roberson's third point.

Roberson also appears to contend that in counsel's role as standby counsel at trial, counsel was ineffective. This argument is not legally cognizable

12

because when a "defendant has insisted upon self-representation, any subsequent claim of ineffective assistance of counsel is not to be considered." *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see Rodriguez v. State*, 491 S.W.3d 18, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (citing *Perez* and rejecting an appellant's claim that his standby counsel was ineffective); *see also Curry v. State*, No. 07-11-00425-CR, 2014 WL 931246, at *1 (Tex. App.—Amarillo Mar. 6, 2014, pet. ref'd) (mem. op., not designated for publication) ("[A] defendant acting *pro se* has no constitutional right to the effective assistance of standby counsel."). We overrule Roberson's third point to the extent that he argues that standby counsel was ineffective.

Finally, to the extent that Roberson argues that his decision to proceed pro se was not voluntary, we cannot agree. *See Cofer v. State*, No. 02-16-00101-CR, 2017 WL 3821885, at *2 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (stating that a waiver of counsel is valid if it is made "competently, knowingly and intelligently, and voluntarily" and explaining that the "decision to waive counsel . . . is made 'knowingly and intelligently' if it is made with a full understanding of the right to counsel being abandoned, as well as the dangers and disadvantages of self-representation"). The record establishes that on multiple occasions, the trial court admonished Roberson about the challenges of self-representation and ensured that he wanted to represent himself despite those challenges. Roberson expressed that he would "be fine" and that he was "confident to move forward." We hold that the

record establishes Roberson's knowing, competent, and voluntary choice to represent himself. We overrule the remainder of this third point.

**Exclusion of Evidence**

In what we construe as his fourth point, Roberson argues that the trial court abused its discretion by excluding relevant evidence. During the trial, Roberson asked the trial court to admit an exhibit that had the printed text of section 31.08 of the penal code along with handwritten references to two websites that, according to Roberson, showed the fair market value of catalytic converters. The State objected to the admission of the document on the ground that it contained hearsay. The trial court sustained the State's objection and told Roberson that the court would "provide the jury with the law during the Court's Charge."

We review a trial court's decision to exclude evidence for an abuse of discretion. *Pantoja v. State*, 496 S.W.3d 186, 191 (Tex. App.—Fort Worth 2016, pet. ref'd). If the trial court's "evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Only relevant evidence is admissible. Tex. R. Evid. 402. Evidence is admissible when it makes a fact of consequence more or less probable. Tex. R. Evid. 401. As the State argues, the text of section 31.08—a provision within the chapter of the penal code related to theft—was not relevant to this case because the State did not charge Roberson with theft. *See* Tex. Penal Code Ann.

14

§ 31.08(a) (West 2016) (providing the definitions for value "under this chapter"). Furthermore, Roberson's proffer at trial failed to show the relevance to any fact of consequence of his handwritten references to two websites.

We conclude that the trial court did not abuse its discretion by excluding Roberson's proffered exhibit. *See Pantoja*, 496 S.W.3d at 191. We overrule his fourth point.

## Conclusion

Having overruled all of Roberson's points, we affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: GABRIEL, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 1, 2018