**Affirmed; Opinion Filed February 4, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01478-CR

## DONTARIOUS JAMAL SCOTT, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-81021-2019

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

Appellant Dontarious Jamal Scott pleaded guilty, without a plea bargain agreement, to continuous sexual abuse of a child under the age of fourteen as alleged in count one of the indictment, and after hearing punishment-related evidence the trial court sentenced appellant to forty-five years in prison. In two issues, appellant alleges the indictment did not provide sufficient notice and that his sentence was grossly disproportionate to the offense. We affirm.

### DISCUSSION

### 1. Notice in the Indictment

In his first issue, appellant argues the indictment against him for continuous

sexual abuse of a child was inadequate under Texas law because it described the prohibited conduct as permitting a minor to touch appellant's genitals with a hand, and appellant using his hand to touch a minor's genitals, but the indictment does not state with sufficiently clarity when those alleged acts occurred.

The State argues this issue was not preserved for appellate review, and we agree. A defendant forfeits his right to complain about any defect, error, or irregularity of form or substance in an indictment if he fails to object before trial commences. TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *Teal v. State*, 230 S.W.3d 172, 178, 182 (Tex. Crim. App. 2007). "A complaint that an indictment does not provide adequate notice alleges a defect in form." *State v. Espinoza*, No. 05-09-01260-CR, 2010 WL 2598982, at *8 (Tex. App.—Dallas June 30, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994)). In this case, appellant argues he was deprived of adequate notice because the indictment did not state with sufficient clarity when the alleged acts of sexual abuse occurred, yet he did not raise this issue before trial. Appellant's complaint has not been preserved for appellate preview.

Nevertheless, even if we overlooked the lack of preservation, the indictment provided adequate notice. "The sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Therefore, when a defendant properly challenges the sufficiency of an indictment in the trial court, we will review the trial court's ruling de novo. *See id.* A defendant has the right to fair

notice of the specific offense charged against him under both the United States and Texas Constitutions. *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017). The charging instrument must convey sufficient notice to allow the accused to prepare a defense. *Id.* "[I]n most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice." *Id.* at 907.

The Texas Court of Criminal Appeals has held that the State need not allege a specific date in an indictment. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997). "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Id.* at 256; *see also Pollock v. State*, 405 S.W.3d 396, 404 (Tex. App.—Fort Worth 2013, no pet.); *Santibanez v. State*, No. 05-18-00843-CR, 2019 WL 5615150, at *2 (Tex. App.—Dallas Oct. 30, 2019, pet. ref'd) (mem. op., not designated for publication); *McKinney v. State*, No. 05-14-01350-CR, 2016 WL 3963369, at *11 (Tex. App.—Dallas July 18, 2016, pet. ref'd) (mem. op., not designated for publication); *Espinoza*, 2010 WL 2598982, at *9.

Appellant challenges only whether the indictment sufficiently alleged when the sexual acts occurred—not whether the indictment informed him of the offense he was charged with and convicted of. The indictment in this case alleged the offense took place "on or about the 1st day of November, 2018 through the 7th day

–3–

of January, 2019[.]" The grand jury returned the indictment on March 21, 2019, and there is no statute of limitations for the offense of continuous sexual abuse of a young child or children. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(D). Accordingly, the indictment provided appellant with sufficient notice of when the alleged acts of sexual abuse occurred. *See, e.g., Pollock*, 405 S.W.3d at 404; *McKinney*, 2016 WL 3963369, at *11; *Espinoza*, 2010 WL 2598982, at *9. We overrule his first issue.

## 2. Disproportionality of Appellant's Sentence

In his second issue, appellant contends his punishment of forty-five years in prison was unconstitutionally excessive and constituted cruel and unusual punishment.

The State argues this issue, too, was not preserved, and again we agree. Preservation of error is a systemic requirement on appeal. *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016). "[A]ll errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2008). Appellant did not complain his sentence was unconstitutional after the trial court imposed that sentence, nor did he raise the issue in a motion for new trial. Because he failed to raise his complaint regarding his sentence in the trial court, it is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1) (as a prerequisite to presenting complaint for appellate review, record must show complaint was made to trial court by a timely request, objection, or motion); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas

–4–

2003, no pet.) (defendant failed to preserve argument that sentence constituted cruel and unusual punishment; when his sentence was announced, defendant did not object to sentence as violating his constitutional rights, nor did he raise the argument in a post-trial motion); *see also Sims v. State*, No. 05-18-00572-CR, 2019 WL 2266547, at *3 (Tex. App.—Dallas May 28, 2019, no pet.) (mem. op., not designated for publication); *Parramore v. State*, No. 05-03-00989-CR, 2004 WL 784911, at *1 (Tex. App.—Dallas March 29, 2004, no pet.) (mem. op., not designated for publication).

Furthermore, even if we overlooked the lack of preservation, the record does not support appellant's contention that his sentence was unconstitutionally disproportionate. The record shows that appellant pleaded guilty to count one of the indictment, which alleged continuous sexual abuse of a child younger than fourteen years of age,[1] and the trial court heard punishment-related evidence. Count one of the indictment alleged as follows:

<u>COUNT I</u>

[D]uring a period that was 30 days or more in duration, [defendant] committed two or more acts of sexual abuse against [complainant], said acts of sexual abuse having been violations of one or more of the following penal laws, including:

Aggravated Sexual Assault of a Child: intentionally and knowingly cause the anus of [complainant], a child then younger than fourteen (14) years of age, to contact the male sexual organ of the defendant;

---

[1] The State abandoned count two.

–5–

<u>AND/OR</u>

Indecency with a Child Sexual Contact: intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching part of the genitals of [complainant], a child younger than seventeen (17) years of age, by means of the defendant's hand;

<u>AND/OR</u>

Indecency with a Child Sexual Contact: intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by causing the hand of [complainant], a child younger than seventeen (17) years of age, to touch part of the genitals of said defendant;

and at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen (17) years of age or older and [complainant] was a child younger than fourteen (14) years of age[.]

Continuous sexual abuse of a young child is a first-degree felony, and the punishment range for that offense is imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 21.02(h).

The evidence showed that the complainant was approximately thirteen years of age when the abuse occurred (fourteen at the time of trial), and appellant was twenty-two. The evidence further showed that appellant, an avid skate boarder, frequented skate parks, which is where he met the complainant. Appellant was older than the complainant and the complainant trusted and admired appellant, viewing him as a sort of mentor and coach. But appellant misrepresented his age, telling the complainant he was eighteen years old when he was really twenty-two.

The Children's Advocacy Center forensic interviewer testified that the

complainant disclosed three incidents of abuse between the complainant and appellant that occurred in appellant's car in the parking lot of the complainant's apartment complex. The complainant told the interviewer that, on one occasion, appellant told the complainant he was gay and asked the complainant if he wanted "to try some stuff to see if you're gay." They then masturbated in front of each other "inside of the clothes," according to the interviewer. On another occasion, appellant and the complainant masturbated each other, and during this incident appellant's hand was on the complainant's genitals and the complainant's hand was on appellant's genitals. On still another occasion, the complainant said that appellant offered to bring some vaping pods, but appellant wanted "something sexual" in exchange for that. The complainant said that appellant wanted "his ass," but the complainant was not comfortable with that, so instead they masturbated each other. Another time, however, appellant penetrated the complainant's anus with his sexual organ. The complainant told the interviewer it hurt when appellant did that, so they stopped.

There was evidence the complainant suffered mentally and emotionally as a result of the abuse. The forensic interviewer testified, for example, that the complainant's tone of voice and demeanor changed during the interview when they talked about the abuse—whispering more, not looking at her as much, and providing "very short answers." The complainant cried when he and the forensic interviewer talked about his mother because he did not want her to know what had happened.

The State also presented evidence about extraneous sexual misconduct that appellant committed against five other boys. One boy, for example, testified that he met appellant at a skate park when he was twelve, and that appellant once convinced him to send him a picture of his anus so appellant could masturbate to it. Another boy testified that appellant once crawled into bed with him while spending the night at his house. The boy, who was nine years old when he met appellant, testified that appellant held him close and he could feel appellant's erect penis on his back. A third boy who met appellant at a skate park when he was perhaps ten or eleven testified that appellant once put his hand into the boy's shorts and underwear and contacted the boy's penis with his hand, "messing around with it" for maybe thirty seconds. A fourth boy testified that he met appellant at a skate park when he was twelve or thirteen and that appellant made advances toward him on social media, once asked him for "[a] butt picture," and kissed him on the mouth more than once. Still another boy who met appellant at a skate park when he was perhaps nine or ten testified that appellant once asked him for pictures of his penis "or something like that" over social media, although the boy added that he "always thought [appellant] was joking." And when appellant testified at the punishment hearing he admitted that two boys, both thirteen years of age, had sent him pictures of their penises, but appellant denied he solicited the pictures and he claimed it was supposed to be a joke.

"We give a great deal of discretion to a trial judge's determination of the

–8–

appropriate punishment in any given case." *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Generally, so long as a sentence is within the proper range of punishment, we do not disturb it on appeal. *Id.* Appellant's culpability for the offense was established by his guilty plea and his signed judicial confession admitting he committed the offense as charged in the indictment. The forty-five-year sentence imposed by the trial court is approximately in the middle of the punishment range for the offense. Given the evidence in the record, appellant fails to show how that the trial court's assessment of punishment constituted an abuse of discretion. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191478F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DONTARIOUS JAMAL SCOTT,
Appellant

No. 05-19-01478-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81021-
2019.
Opinion delivered by Justice Myers.
Justices Osborne and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 4th day of February, 2021.