

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1317-15

### THE STATE OF TEXAS

### v.

### MARY ZUNIGA, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE 13TH COURT OF APPEALS
## NUECES COUNTY

NEWELL, J., delivered the opinion of the Court, in which ALCALA, RICHARDSON, YEARY, KEEL AND WALKER, J.J., joined. YEARY, J. filed a concurring opinion, in which WALKER, J., joined. KELLER, P.J., filed a dissenting opinion, in which KEASLER AND HERVEY, J.J., joined.

When the State charges someone with tampering with physical evidence, is the specific identity of the tampered-with evidence an essential element of the offense? We agree with the State and the court of appeals that it is not. *State v. Zuniga*, 13-14-00316-CR, 2015 WL 4381064, at *3 (Tex. App.—Corpus Christi July 16, 2015) (mem. op.) (not designated for publication). However, the court of appeals does not

appear to have addressed whether the language in the indictment provided adequate notice of the charged conduct, so we remand the case to give them an opportunity to do so.

## Facts

A police officer pulled Zuniga over after she ran a stop sign in front of her home.  During the stop, the officer observed a bottle of medicine in Zuniga's vehicle.  When Zuniga was unable to produce a valid prescription for the syrup, the officer arrested her and placed her in the back of his police car.  Soon after, the officer observed Zuniga reach into her groin area and pull something out with her hands cupped.  The officer then observed Zuniga move her hands towards her mouth and lean her head down as if to swallow "something."[1]  The officer took Zuniga to the hospital where medical professionals pumped Appellee's stomach and performed an x-ray.  They did not find any illegal substance or a baggie. The State neither tested the results of Appellee's stomach purge for an illegal substance nor requested any testing of her blood.

The State indicted Zuniga on tampering with physical evidence.[2]

---

[1] The State stipulated at a hearing on Appellee's motion to quash the indictment that the officer would testify at trial that he saw Appellee swallow a white substance in a baggy. The State also claimed that it suspected Appellee had swallowed either cocaine or a pill.

[2] Based upon Zuniga's conduct after the alleged tampering, the State also charged Zuniga with assault on a public servant in a separate count.  The only count at issue in this

This count in the indictment appeared as follows:

The duly organized Grand Jury of Nueces County, Texas, presents in the District Court of Nueces County, Texas, that

**COUNT 1**

**MARY ZUNIGA**, defendant,

on or about, **DECEMBER 29, 2013**, in Nueces County, Texas, did then and there, while knowing that an investigation was in progress, to wit: A DRUG INVESTIGATION, intentionally and knowingly ALTER, OR DESTROY, OR CONCEAL *an unknown substance*, with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense,

Originally, the State did not allege what Zuniga had attempted to "alter, destroy, or conceal." It merely left a blank space in the indictment. Zuniga filed a "Motion to Quash and Exception to Form of the Indictment." During the hearing on that motion, the State made the handwritten notation—"unknown substance"—on the indictment itself. Zuniga amended her motion to quash in light of the State's amended pleading.

Zuniga argued that the indictment failed as a matter of both form and substance. Specifically, she complained that the indictment failed to set forth the offense in plain or intelligible language and that the

appeal, however, is the count alleging that Zuniga tampered with physical evidence.

indictment failed to allege two necessary elements of the offense. Finally, she argued that the indictment did not adequately inform her of the act(s) the State intended to rely upon to constitute the crime of tampering with evidence.

The State responded at the hearing that the State was not required to allege the specific identity of the tampered-with evidence because Zuniga's commission of the offense rendered that evidence unidentitifiable. Then, the State argued that the elements of the offense only required it to prove that Zuniga altered, concealed, or destroyed some "thing." According to the State, whether that "thing" amounted to evidence could be proven through the circumstances of its destruction. In other words, the State appeared to argue that the identity of the tampered-with evidence was an evidentiary matter that did not have to be pleaded in the indictment.

The trial court saw two problems with the State's case. First, the trial court explained that the State was required to give more notice than simply alleging a "thing." Second, the trial court expressed concern that the State had to prove that Zuniga knew an investigation was pending. After a break in the hearing, the trial court granted Zuniga's motion to quash, stating that "the requirements of 21.02 of the Texas Code of

Criminal Procedure had not been met." The trial court further held that the indictment failed to inform the defendant of the acts that the State would rely upon to constitute the crime of tampering.

### The Appeal

The State appealed the trial court's ruling. The State argued that it was not required to allege the specific identity of the tampered-with evidence in the indictment because it would not be required to prove that fact in order to secure a conviction. According to the State, the "thing" tampered with was not an element of the offense that needed to be pleaded; it was merely an evidentiary matter that the State was not required to allege in the indictment. In other words, the State argued that the specific identity of the tampered-with evidence was not an element of the offense.

Zuniga replied that simply adding "an unknown substance" as the object of a tampering charge did not provide her with sufficient notice of what she was alleged to have tampered with in violation of the law. She argued that the indictment was insufficient because it failed to provide any description of the "thing" she was alleged to have tampered with. Consequently, Zuniga argued the notice in the indictment did not adequately inform her of the acts the State would rely upon to prove that

she had committed the crime because the State had not alleged the evidence she had purportedly destroyed.

The court of appeals framed the issue in the case as a matter of determining whether an "unknown substance" can be a "thing" under the tampering statute. *Zuniga*, 2015 WL 4381064 at *2. As the court of appeals phrased it:

> We are asked to determine whether an "unknown substance" can be a "thing" under section 37.09 of the penal code such that an indictment alleging the same complies with the constitutional notice requirements and the Texas Code of Criminal Procedure.

*Id.* The court of appeals properly set out the law regarding Zuniga's right to notice of pending criminal charges. *Id.* It also correctly observed that generally, when an indictment tracks the language of a penal statute, it will satisfy constitutional and statutory requirements. *Id.*

The court of appeals analyzed the elements of the offense set out in the tampering statute and determined that the identity of the physical evidence at issue was not an element of the offense. *Zuniga*, 2015 WL 4381064 at *2. According to the court of appeals, the "identity of the putative evidence destroyed will be relevant at trial . . . not because it is an element of the offense, but because it is evidence of intent." *Id.* at *3. Because it was not an element of the offense, the court of appeals held

that the specific identity of the tampered-with evidence did not need to be pleaded in the indictment. *Id.*

We granted discretionary review to determine whether the addition of the term "unknown substance" is sufficient to apprise a defendant of what "thing" the State intended to prove was altered, concealed, or destroyed. We agree with the court of appeals' determination that the specific identity of the tampered-with evidence is not an element of the offense. But we remand the case to allow the court of appeals to address whether the statutory language is completely descriptive of the proscribed conduct such that it provided adequate notice.

**Standard of Review**

The sufficiency of the indictment presents a question of law. *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). Appellate courts review a trial judge's rulings on a motion to quash a charging instrument *de novo*. *State v. Barbernell*, 257 S.W.3d 248, 251-52 (Tex. Crim. App. 2008). The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case. *State v. Rhinehart*, 333 S.W.3d 154, 161 (Tex. Crim. App. 2011) (applying ordinary rules of procedural default to a State's appeal of a trial court's order quashing the indictment).

The Texas and United States Constitutions grant a criminal

defendant the right to fair notice of the specific charged offense.  U.S.
CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CONST. art. V, § 12b;
*Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *see also State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008).
"The charging instrument must convey sufficient notice to allow the accuse to prepare a defense."  *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000) (citing *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998)).  Toward that end, Chapter 21 of the Texas Code of Criminal Procedure governs charging instruments and provides legislative guidance concerning the requirements and adequacy of notice.  *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Ferguson v. State*, 622 S.W.2d 846, 849-50 (Tex. Crim. App. 1981)(opinion on reh'g).

With respect to indictments, Article 21.02 sets out what facts must be included in an information and states, in part, that "[t]he offense must be set forth in plain and intelligible words."  TEX. CODE CRIM. PROC. ANN. art. 21.02(7) (West 2010).  Article 21.03, provides that "[e]verything should be stated in an indictment which is necessary to be proved."  TEX. CODE CRIM. PROC. ANN. art. 21.03 (West 2010).  Finally, Article 21.04 provides that "[t]he certainty required in an indictment is such that will enable the accused to plead the judgment that may be given upon it in

bar of any prosecution for the same offense." TEX. CODE CRIM. PROC. ANN. art. 21.04 (West 2010). An indictment is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2010).

We have recognized that in most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251; *Lawrence*, 240 S.W.3d at 916; *Curry*, 30 S.W.3d at 398. When a statutory term or element is defined by a statute, the charging instrument does not need to allege the definition of the term or element. *Barbernell*, 257 S.W.3d at 251; *Geter v. State*, 779 S.W.2d 403, 405 (Tex. Crim. App. 1989). Typically the definition of terms and elements are regarded as evidentiary matters. *Marrs v. State*, 647 S.W.2d 286, 289 (Tex. Crim. App. 1983); *see also Curry*, 30 S.W.3d at 398.

But in some cases, a charging instrument that tracks the statutory language may be insufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251; *Curry*, 30 S.W.3d at 398. This is so when

the statutory language fails to be completely descriptive. *Barbernell*, 257 S.W.3d at 251; *Curry*, 30 S.W.3d at 398. For example, a statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him. *Mays*, 967 S.W.2d at 407. Likewise, when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses. *Id.*; *see also Barbernell,* 257 S.W.3d at 251 ("The statutory language is not completely descriptive 'when the statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant.'") (quoting *Solis v. State*, 787 S.W.2d 388, 390 (Tex. Crim. App. 1990)). In such cases, more particularity is required to provide adequate notice. *Barbernell*, 257 S.W.3d at 251.

As we recently explained in our unanimous opinion in *State v. Jarreau*, our notice jurisprudence requires appellate courts to engage in a two-step analysis when analyzing whether a charging instrument provides adequate notice. *State v. Jarreau*, No. PD-0840-16, slip op. at 4 (Tex. Crim. App. Mar. 1, 2017); *see also Barbernell*, 257 S.W.3d at

255. First, the reviewing court must identify the elements of the offense. *Jarreau*, slip op. at 4. Next, it must consider whether the statutory language is sufficiently descriptive of the charged offense. *Id.*; *Mays*, 967 S.W.2d at 407.

Here, Zuniga appeared to make both types of challenges to the sufficiency of the indictment in this case. We will address each challenge turn.

### Is the Specific Identity of the Tampered-With Evidence an Element of the Offense?

Section 37.09(a)(1) of the Penal Code defines the offense of tampering with physical evidence with the following elements: (1) a person alters, destroys, or conceals; (2) any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding; (4) knowing that an investigation or official proceeding is pending or in progress. TEX. PEN. CODE ANN. § 37.09 (a)(1) (West 2010); *see also Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). We have recognized that the statute contains at least two different culpable mental states: an actor must know his action would impair the item as evidence and he must act with

the intent to impair its availability as evidence. *Stewart v. State*, 240 S.W.3d 872, 873-74 (Tex. Crim. App. 2007). The statute specifies that the putative evidence must be a record, document or thing, though it does not require that "thing" be, in and of itself, of a criminal nature. TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2010); *Williams*, 270 S.W.3d at 144.

The court of appeals appears to acknowledge that the indictment must at least allege whether the "evidence" altered, concealed, or destroyed was "a record, document, or a thing." *Zuniga*, 2015 WL 4381064 at *2. However, the court of appeals determined that the specific identity of the evidence at issue was not an element of the offense. *Id*. The court reasoned that the identity of the tampered-with evidence will be relevant at trial to show Zuniga's intent, but it is not a separate element of the offense. *Id.* at *3.

The court of appeals correctly held that the specific identity of the evidence is, as one might expect, an evidentiary issue. The plain text of the statute uses the word "thing" to differentiate the tampered-with evidence from either a "record" or a "document." TEX. PENAL CODE ANN. § 37.09 (a)(1) (West 2010). The only time the statute specifies a particular type of "thing" is in subsection (c) where the offense becomes a second

degree felony if "the thing altered, destroyed, or concealed is a human corpse." TEX. PENAL CODE ANN. § 37.09 (c) (West 2010). The term "thing" remains otherwise undefined.

This stands in contrast to an offense in which the specific identity of a putative object is a necessary element such as possession of a controlled substance. In the Controlled Substances Act, the relevant statutory provisions explicitly identify which substances are illegal to possess. Paragraph (a) of §§ 481.112 through 481.118 make it clear that it is an offense to possess, manufacture or deliver a controlled substance listed in the particular penalty group. TEX. HEALTH & SAFETY CODE ANN. §§ 481.112–.118. Except in the context of tampering with a human corpse, the tampering statute does not otherwise define what constitutes a "thing" that can be altered, concealed, or destroyed suggesting that the specific identity of the tampered-with evidence is not an essential element.

Additionally, as the court of appeals properly noted, intermediate courts have upheld convictions for tampering with evidence without requiring the State to definitively prove exactly what evidence was altered, concealed, or destroyed. *See e.g. Barrow v. State*, 241 S.W.3d 919, 923-24 (Tex. App.–Eastland 2007, pet. ref'd.) (affirming conviction

for tampering with evidence where the defendant swallowed a "rock-like" substance believed to be crack cocaine), *Vaughn v. State*, 33 S.W.3d 901, 903 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (upholding conviction for tampering with evidence where State did not prove specific identity of evidence destroyed).  The only "element" the State must allege in the indictment is whether the evidence at issue was "a record, a document, or a thing."  By alleging that Zuniga tampered with "an unknown substance," the State seeks to prosecute Zuniga for tampering with a "thing," rather than a "record" or a "document."  Thus, we agree with the State and the court of appeals that 1) the State alleged every element of the offense of tampering with evidence when it amended its indictment and 2) the specific identity of the tampered-with evidence was not an element of the offense.

### Did the Indictment Provide Adequate Notice?

Zuniga primarily argued to the trial court that more particular pleading is necessary to allow her to properly prepare a defense.  The trial court agreed, quashing the indictment and stating that the indictment failed to provide sufficient notice.  As mentioned above, a charging instrument drafted in the language of the penal statute is generally sufficient to provide an accused with adequate notice because

the terms of the statute inform him or her of the nature of the charge. *Mays*, 967 S.W.2d at 406; *Moff*, 154 S.W.3d at 602 (citing *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim. App. 1978)). But the court of appeals was also required to take the second step and analyze whether the terms of the statute are sufficiently descriptive of the charged offense. *Barbernell*, 257 S.W.3d at 255; *see also Mays*, 967 S.W.2d at 407 (noting that when a statute uses an undefined term of indeterminate or variable meaning, the State must include more specific pleadings in the indictment in order to notify the defendant of the nature of the charges against him). The State acknowledges that the indictment must provide the defendant with sufficient notice to prepare a defense "even if identity of the thing tampered with is not an element of the offense." State's Br. 9.

Though purporting to address the notice issue, the court of appeals simply held that the specific identity of the tampered-with evidence did not need to be pleaded because it was not an element of the offense. *Zuniga*, 2015 WL 4381064 at *3. The court of appeals did not conduct an analysis of whether the terms of the statute were sufficiently descriptive of the charged offense. Or, if it did, it did not explain how it came to that conclusion beyond simply stating that the specific identity

of the tampered with evidence was not an element of the offense.

Because Zuniga prevailed in the trial court, the court of appeals was required to uphold the trial court's ruling if it was correct under any theory of law applicable to the case. *Rhinehart*, 333 S.W.3d at 161. Yet, the court of appeals did not address whether the language contained in the indictment was of such indeterminate and variable meaning that it failed to provide Appellee with adequate notice of what criminal acts she was accused of committing. Consequently, we remand the case to afford the court of appeals the opportunity to consider Zuniga's challenge that the indictment failed to provide her with adequate notice to prepare her defense. *McClintock v. State*, 444 S.W.3d 15, 16 (Tex. Crim. App. 2014).

### Conclusion

The specific identity of the tampered-with evidence is not an element of the offense. However, the court of appeals did not address whether the trial court could have properly determined that more specificity was required in the indictment in order to provide the defendant with adequate notice of the charged conduct. We remand this case for the court of appeals to fully address that issue.

Filed: March 8, 2017

Publish