**Affirmed and Memorandum Opinion filed June 14, 2018.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-17-00398-CR

---

**PRASENJIT GHOSH, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1472624**

---

## M E M O R A N D U M   O P I N I O N

Appellant Prasenjit Ghosh appeals his conviction for theft in a single issue. Appellant argues that the indictment in this case was fundamentally defective and void, failing to give the trial court jurisdiction. We conclude that the indictment was sufficient to confer jurisdiction to the trial court. We modify the judgment and affirm.

## I. BACKGROUND

Appellant was indicted on June 22, 2015. The indictment read as follows:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **PRASENJIT GHOSH**, hereafter styled the Defendant, heretofore on or about **OCTOBER 7, 2014**, did then and there unlawfully, appropriate by acquiring and otherwise **exercising control over service**, namely, DENTAL SERVICES, provided by CATHY BRUGGEN, hereafter styled the Complainant, of the value of over one thousand five hundred and under twenty thousand dollars, intending to avoid payment for the service and knowing that the service is provided by the Complainant only for compensation

**AGAINST THE PEACE AND DIGNITY OF THE STATE[.]**

(fourth emphasis added). The indictment was signed by the foreman of the 351st Grand Jury. In the heading area of the indictment, above the quoted charging language, there is a line that reads, "FELONY CHARGE **THEFT BY CHECK**."

On March 14, 2016, appellant entered a plea of guilty to the above indictment. All of the plea documents reflect appellant entering a plea to the offense of "Theft by Check." Appellant was placed on deferred adjudication in the form of community supervision. In May of 2016, the State filed a motion to adjudicate guilt, alleging violations of the conditions of community supervision. In April of 2017, the trial court conducted a hearing on the motion to adjudicate guilt. The trial court found that appellant had violated conditions of his community supervision and found him guilty of the charge under the indictment. The trial court then assessed punishment at 14 months' confinement in the State Jail Division of the Texas Department of Criminal Justice. The judgment adjudicating appellant's guilt reflects that he was convicted of the offense of "Theft by Check."

2

## II. ANALYSIS

Appellant argues that the indictment was fundamentally defective and void, failing to vest the trial court with jurisdiction because the indictment is labeled "Theft by Check," and "Theft by Check" is not an offense. Appellant ignores the fact that the indictment alleges the offense of theft of services. Appellant's argument implies that incorrect labeling of the charge in the indictment makes it a nullity, regardless of whether it actually alleges some offense. We disagree.

The sufficiency of an indictment is a question of law which an appellate court reviews de novo. *See State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017).

The Texas Constitution provides definitions for "indictment" and "information," the two formal of charging instruments in Texas. "An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense." Tex. Const. art. V, § 12(b). Further, the Constitution states that "[t]he practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law." *Id*. With regard to jurisdiction, "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause."[1] *Id.*

Article 21.02 of the Texas Code of Criminal Procedure lists the requisites of an indictment, including that it must "set forth" the offense alleged "in plain and intelligible words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2014). Article

---

[1] Because there is no allegation that the indictment was not properly presented, the sole issue before us is the sufficiency of the indictment.

21.11 of the Texas Code of Criminal Procedure sets forth what is required for a "sufficient" indictment. *See* Tex. Code Crim. Proc. Ann. art. 21.11 (West 2014).

> An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary.

*Id.* "An indictment that tracks the language of a statute usually gives sufficient notice." *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) (citing *State v. Mays*, 967 S.W.2d 404, 406–07 (Tex. Crim. App. 1998)). With these constitutional and statutory requirements in mind, we turn to the indictment in this case.

An indictment satisfies constitutional requirements if it "accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute." *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997). Chapter 31 of the Texas Penal Code lists a variety of theft-related offenses. *See* Tex. Penal Code Ann. §§ 31.01–31.19 (West 2014). Pursuant to our inquiry, we note that an offense called "Theft by Check" is conspicuously absent from the penal code. *See id.* The penal code does contain a presumption that relates to "Theft by Check or Similar Sight Order." *See* Tex. Penal Code Ann. § 31.06 (West 2014). Appellant is correct that an indictment could not allege the offense of "Theft by Check" because there is no such offense. However, our analysis cannot end there. We must look at the language in the indictment and determine if it accuses appellant with enough clarity and specificity to identify the penal statute under which the State prosecuted appellant. *See Duron*, 956 S.W.2d at 550–51.

4

The State asserts that the indictment sufficiently alleged the offense of "Theft of Service" found in section 31.04 of the Texas Penal Code. "A person commits theft of service if, with intent to avoid payment for service that the actor knows is provided only for compensation . . . [,] the actor intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment." Tex. Penal Code Ann. § 31.04(a)(4) (West 2014). The language in the indictment does not track the statutory elements for the offense of theft of service verbatim. However, it is apparent that the indictment accused appellant of failing to pay for dental services he received. The conduct alleged in the indictment clearly corresponds to the aforementioned elements as set forth in penal code. The constitutional and statutory requirements for the indictment have been satisfied. We overrule appellant's sole issue.

Although not raised as an issue, we note that the Judgment Adjudicating Guilt in this case reflects a conviction for "THEFT>=$1,500<$20K BY CHECK." As we previously noted, no such offense exists in the Texas Penal Code. Accordingly, on our own motion, we modify the "Offense for which Defendant Convicted" portion of the Judgment to reflect that appellant was convicted of the offense of "THEFT>=$1,500<$20K OF SERVICE." *See* Tex. R. App. P. 43.2(b) (courts of appeals have authority to modify judgment); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (same); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

5

## III. Conclusion

The judgment of the trial court is affirmed as modified.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Boyce, Jamison and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).