# NO. 12-21-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS, APPELLANT* | *§* | *APPEAL FROM THE 124TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *SHOLUNDA FRANKLIN, APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State of Texas appeals the trial court's order granting Appellee Sholunda Franklin's motion to quash the indictment and dismissing the indictment. In two issues, the State argues that the trial court erroneously quashed the indictment because (1) the provisions of Texas Penal Code, Section 32.21(e-1) do not apply in a forgery case where the State, in its discretion, does not allege the additional element that the actor engaged in the conduct to obtain or attempt to obtain property or a service and (2) alternatively, because the indictment, as written, alleged complete felony offenses. We affirm.

## BACKGROUND

Appellee was charged by indictment with two counts of forgery. The indictment specifically alleged that Appellee committed the offenses, in pertinent part, as follows:

COUNT I

[On or about the 12th day of February 2018, Appellee] did then and there, with intent to defraud or harm another, make a writing so that it purported to have been executed in a numbered sequence other than was in fact the case, and said writing purported to be a part of an issue of money of the tenor following: a one-hundred dollar bill marked with serial number KB87665421J[.]

COUNT II

[O]n or about the 20th day of February 2018 . . . , [Appellee] did then and there, with intent to defraud or harm another, make a writing so that it purported to have been executed in a numbered sequence other than was in fact the case, and said writing purported to be part of an issue of money of the tenor following: a one-hundred dollar bill marked with serial number KB87665421J[.]

Thereafter, Appellee moved to quash the indictment, arguing that it failed to provide adequate notice to her and allege felony offenses under the Penal Code because (1) the value of the property obtained by the actor determines the level of offense for forgery under Texas Penal Code, Section 32.21(e-1) and, even so, (2) the aggregate two hundred dollar amount alleged in the indictment falls below the property value set forth by Section 32.21(e-1) to sustain a felony conviction. In its response, the State contended that the decision of whether to charge Appellee under Section 32.21(e-1) is a matter of prosecutorial discretion and, thus, under Section 32.21(e), it charged Appellee with a felony, over which the trial court has jurisdiction. Following a hearing on the matter, the trial court granted Appellee's motion to quash and dismissed the indictment. This appeal followed.

## MOTION TO QUASH

In its first and second issues, the State argues that the trial court erroneously quashed the indictment because (1) the provisions of Texas Penal Code, Section 32.21(e-1) do not apply in a forgery case where the State, in its discretion, does not allege the additional element that the actor engaged in the conduct to obtain or attempt to obtain property or a service and (2) alternatively, because the indictment, as written, alleged complete felony offenses, and there would be no way for the trial court to determine that this case involved facts which would trigger the application of Section 32.21(e-1) without impermissibly looking beyond the face of the indictment.

### Standard of Review and Governing Law

The sufficiency of the indictment presents a question of law. *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017). Appellate courts review a trial judge's rulings on a motion to quash a charging instrument de novo. *Id.* The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case. *Id.*

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. *Id.*; *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim.

2

App. 2007). The charging instrument must convey sufficient notice to allow the accused to prepare a defense. ***Zuniga***, 512 S.W.3d at 906. Toward that end, Texas Code of Criminal Procedure, Chapter 21 governs charging instruments and provides legislative guidance concerning the requirements and adequacy of notice. *See **id.***

With respect to indictments, Article 21.02 sets out what facts must be included in an information and states, in part, that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02(7) (West 2009). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03 (West 2009). Furthermore, Article 21.04 provides that "[t]he certainty required in an indictment is such that will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04 (West 2009). An indictment is sufficient so long as it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* art. 21.11 (West 2009).

In most cases, a charging instrument which tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. ***Zuniga***, 512 S.W.3d. at 907. But when the statutory language fails to be completely descriptive, or when a statute defines the manner or means of commission in several alternative ways, and an indictment neglects to identify which of the statutory means it addresses, the indictment may be insufficient. *Id.*

As a result, we engage in a two-step analysis when analyzing whether a charging instrument provides adequate notice. *Id.* We first identify the elements of the offense. *Id.* The elements, as defined by the Legislature, include (1) the forbidden conduct, (2) the required culpability, if any, (3) any required result, and (4) the negation of any exception to the offense. *See **State v. Barbernell***, 257 S.W.3d 248, 255 (Tex. Crim. App. 2008). We then consider whether the statutory language is sufficiently descriptive of the charged offense. ***Zuniga***, 512 S.W.3d at 907.

Texas law does not permit a defendant in a criminal case to attack the sufficiency or adequacy of an indictment by evidence beyond the four corners of that indictment. ***State ex rel.***

*Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011). The critical determination is whether the trial court (and reviewing appellate courts) and the defendant can identify what penal code provision is alleged and whether that penal code provision is one that vests jurisdiction in the trial court. *See Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009).

A person commits an offense if he forges a writing with intent to defraud or harm another. TEX. PENAL CODE ANN. 32.21(b) (West Supp. 2021). Subject to Subsection (e-1), an offense under this section is a felony of the third degree if the writing is or purports to be part of an issue of money. *See id.* §32.21(e). If it is shown on the trial of an offense under this section that the actor engaged in the conduct to obtain or attempt to obtain a property or service, an offense under this section is categorized, for example, as a Class B misdemeanor if the value of the property or service is $100 or more but less than $750. *See id.* § 32.21(e-1)(2).[1]

## Applicability of Section 32.21(e-1)

The crux of the State's argument is that Section 32.21(e-1) is inapplicable in this case because it is a discretionary provision, which the State did not elect to invoke. In making its argument, the State acknowledges the Sixth Court of Appeals' recent opinion in *State v. Green*, 613 S.W.3d 571 (Tex. App.–Texarkana 2020, pet. granted), in which it addressed this same issue in a case originating in the 188th District Court of Gregg County, Texas, wherein the state charged forgery of a writing that is or purports to be a part of an issue of money in the amount of $20.[2] *See id.* at 575. In construing the statute, and, ultimately, upholding the trial court's order quashing the state's indictment, the court held, in pertinent part, as follows:

> [The] 2017 amendments to Section 32.21 added an element to the offense of forgery that determines the offense classification, namely, the defendant's purpose in forging the writing in question. And, where a forgery would be a misdemeanor under the value ladder in subsection (e-1)'s offense-classification scheme where the defendant's purpose was "to obtain or attempt to obtain a property or service"—whereas a forgery for some other purpose would be a felony under the statute's original offense-classification scheme—the defendant's purpose in forging the writing is the element that increases the range of punishment and must be pled in the indictment and proven beyond a reasonable doubt.

---

[1] Under the "value ladder" provisions of Section 32.21(e-1), the categorizations of offenses range from a Class C Misdemeanor to a First Degree Felony depending on the value of the property in question. *See* TEX. PENAL CODE ANN. 32.21(e-1)(1)–(7) (West Supp. 2021).

[2] *Green v. State* originally was appealed to this court but was transferred to the Sixth Court of Appeals by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. §73.001 (West 2013); *see also Green v. State*, 613 S.W.3d 571, 575 n.1 (Tex. App.–Texarkana 2020, pet. granted). The court noted that it was not aware of any precedent from this court that is inconsistent with its opinion. *See* TEX. R. APP. P. 41.3. We likewise are unaware of any such inconsistent precedent.

> Because the State failed to allege Green's purpose for forging the twenty-dollar bill in the indictment, and because Green moved to quash the indictment, the State failed to apprise Green of the offense with which he was charged. And, because district courts in general—and the 188th District Court specifically—do not have jurisdiction over misdemeanor offenses, and because forgery to obtain goods or services of a value less than $100.00 would be a misdemeanor under subsection (e-1), by failing to allege Green's purpose in forging the twenty-dollar bill, the State also failed to allege facts necessary to demonstrate that the offense was one that vested jurisdiction in the trial court.

*Id.* at 576.

The State argues that the court's holding in ***Green*** is incorrect because "the plain language of the statute makes clear that the correct interpretation of Section 32.21(e-1) is that it is a discretionary provision that can be pled or not on the determination of the prosecution."[3] Based on our reading of ***Green***, we are persuaded by the Sixth Court's thorough analysis of the issue and adopt its analyses and conclusions in the instant case.

Accordingly, we likewise hold that because the State failed to allege Appellee's purpose for forging the one hundred dollar bills in each of the two counts of the indictment, it cannot be determined from the face of the indictment whether it charged forgeries under subsection (e-1)(2) or forgeries under subsection (e). Likewise, because forgery under subsection (e-1) could be a misdemeanor, it cannot be determined from the face of the indictment that the offenses are felonies. Therefore, the State failed to apprise Appellee of the offenses with which she was charged and failed to allege facts in the indictment necessary to demonstrate that the offenses were ones that vested jurisdiction in the trial court. Consequently, we hold that the trial court did not err in granting Appellee's motion to quash the indictment and dismissing the indictment. The State's first and second issues are overruled.

---

[3] The State makes several arguments in support of its general premise that the legislature intended to leave the decision of how to charge a forgery in light of subsection (e-1) to its discretion. These arguments are summarized as follows: (1) the legislature's intent is consistent with the State's position because it could have, but did not, make subsection (e-1) (a) explicitly mandatory, (b) the default punishment structure, or (c) a special issue to be raised by the defense, as it has for other offenses; (2) the State's interpretation does not trigger notice issues; (3) the "subject to" language in subsection (e) upon which the court relied in ***Green*** is consistent with the State's position; (4) Section 32.21(g), which provides that "[i]f conduct constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section or the other law," demonstrates the legislature's intent that the State have wide discretion in charging offenses and that the doctrine of pari materia, upon which the court relied in ***Green***, not be controlling in this instance; and (5) allowing the State to charge a defendant under either subsection (e) or (e-1) does not lead to unjust results due to similar provisions in other penal statutes. The first two arguments also were briefed to the Sixth Court of Appeals in ***Green***. Moreover, this court carefully considered each of these arguments in our determination of whether to rely on the analyses and conclusions set forth in ***Green*** in our disposition of this case.

## DISPOSITION

Having overruled the State's first and second issues, we ***affirm*** the trial court's order granting Appellee's motion to quash and dismissing the indictment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 9, 2022**

**NO. 12-21-00001-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**SHOLUNDA FRANKLIN,**
Appellee

---

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 47661-B)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order granting Appellee's motion to quash and dismissing the indictment.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order granting Appellee's motion to quash and dismissing the indictment below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*