# NO. 12-21-00001-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHOLUNDA FRANKLIN,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

The State of Texas appealed the trial court's order granting Appellee Sholunda Franklin's motion to quash the indictment and dismissing the indictment. In two issues on original submission, the State argued that the trial court erroneously quashed the indictment because (1) the provisions of Texas Penal Code, Section 32.21(e-1) do not apply in a forgery case where the State, in its discretion, does not allege the additional element that the actor engaged in the conduct to obtain or attempt to obtain property or a service and (2) the indictment, as written, alleged complete felony offenses. In reliance on the Sixth Court of Appeals' opinion in *State v. Green*, 613 S.W.3d 571 (Tex. App.–Texarkana 2020), we concluded that because (1) it could not be determined from the face of the indictment whether it charged forgeries under subsection (e-1)(2) or forgeries under subsection (e) and (2) forgery under subsection (e-1) could be a misdemeanor, it could not be determined from the face of the indictment that the offenses are a felony, the State failed to apprise

Appellee of the offenses with which she was charged, and failed to allege facts in the indictment necessary to demonstrate that the offenses were ones that vested jurisdiction in the trial court. *See State v. Franklin*, No. 12-21-00001-CR, 2022 WL 709283, at *4 (Tex. App.–Tyler Mar. 9, 2022) (mem. op., not designated for publication). The State filed a petition for discretionary review with the Texas Court of Criminal Appeals, which the court granted.

On January 17, 2024, the court of criminal appeals reversed the court of appeals' judgment in *Green*. *See State v. Green*, 682 S.W.3d 253, 256 (Tex. Crim. App. 2024). On February 28, 2024, the court reversed our opinion in the instant case and vacated our judgment based on our not having the benefit of its decision in *Green* when we issued our opinion. In so doing, it remanded the cause to this court for further consideration in light of its opinion in *Green*.[1] We reverse and remand.

## BACKGROUND

Appellee was charged by indictment with two counts of forgery. The indictment specifically alleged that Appellee committed the offenses, in pertinent part, as follows:

COUNT I
[On or about the 12th day of February 2018, Appellee] did then and there, with intent to defraud or harm another, make a writing so that it purported to have been executed in a numbered sequence other than was in fact the case, and said writing purported to be a part of an issue of money of the tenor following: a one-hundred dollar bill marked with serial number KB87665421J[.]

COUNT II
[O]n or about the 20th day of February 2018 . . . , [Appellee] did then and there, with intent to defraud or harm another, make a writing so that it purported to have been executed in a numbered sequence other than was in fact the case, and said writing purported to be part of an issue of money of the tenor following: a one-hundred dollar bill marked with serial number KB87665421J[.]

Thereafter, Appellee moved to quash the indictment, arguing that it failed to provide adequate notice to her and allege felony offenses under the Penal Code because (1) the value of the property obtained by the actor determines the level of offense for forgery under Texas Penal Code, Section32.21(e-1) and, even so, (2) the aggregate two hundred dollar amount alleged in the indictment falls below the property value set forth by Section 32.21(e-1) to sustain a felony conviction. In its response, the State contended that the decision of whether to charge Appellee

---

[1] *See also **Lennox v. State**,* 613 S.W.3d 597, 599 (Tex. App.–Texarkana 2020), *rev'd by **State v. Green**,* 682 S.W.3d 253, 256 (Tex. Crim. App. 2024).

under Section 32.21(e-1) is a matter of prosecutorial discretion and, thus, under Section 32.21(e), it charged Appellee with a felony, over which the trial court has jurisdiction. Following a hearing on the matter, the trial court granted Appellee's motion to quash and dismissed the indictment.

**MOTION TO QUASH**

In its first and second issues on original submission, the State argued that the trial court erroneously quashed the indictment because (1) the provisions of Texas Penal Code, Section 32.21(e-1) do not apply in a forgery case where the State, in its discretion, does not allege the additional element that the actor engaged in the conduct to obtain or attempt to obtain property or a service and (2) alternatively, because the indictment, as written, alleged complete felony offenses, and there would be no way for the trial court to determine that this case involved facts, which would trigger the application of Section 32.21(e-1) without impermissibly looking beyond the face of the indictment.

**Standard of Review and Governing Law**

The sufficiency of the indictment presents a question of law. ***State v. Zuniga***, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017). Appellate courts review a trial judge's rulings on a motion to quash a charging instrument de novo. ***Id.*** The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case. ***Id.***

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. ***Id.***; ***Lawrence v. State***, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). The charging instrument must convey sufficient notice to allow the accused to prepare a defense. ***Zuniga***, 512 S.W.3d at 906. Toward that end, Texas Code of Criminal Procedure, Chapter 21 governs charging instruments and provides legislative guidance concerning the requirements and adequacy of notice. See ***id.***

With respect to indictments, Article 21.02 sets out what facts must be included in an information and states, in part, that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02(7) (West 2009). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." ***Id.*** art. 21.03 (West 2009). Furthermore, Article 21.04 provides that "[t]he certainty required in an indictment is such that will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." ***Id.*** art. 21.04 (West 2009). An indictment is sufficient so long as it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* art. 21.11 (West 2009).

In most cases, a charging instrument which tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Zuniga*, 512 S.W.3d. at 907. But when the statutory language fails to be completely descriptive, or when a statute defines the manner or means of commission in several alternative ways, and an indictment neglects to identify which of the statutory means it addresses, the indictment may be insufficient. *Id.*

As a result, we engage in a two-step analysis when analyzing whether a charging instrument provides adequate notice. *Id.* We first identify the elements of the offense. *Id.* The elements, as defined by the Legislature, include (1) the forbidden conduct, (2) the required culpability, if any, (3) any required result, and (4) the negation of any exception to the offense. *See State v. Barbernell*, 257 S.W.3d 248, 255 (Tex. Crim. App. 2008). We then consider whether the statutory language is sufficiently descriptive of the charged offense. *Zuniga*, 512 S.W.3d at 907.

Texas law does not permit a defendant in a criminal case to attack the sufficiency or adequacy of an indictment by evidence beyond the four corners of that indictment. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011). The critical determination is whether the trial court (and reviewing appellate courts) and the defendant can identify what penal code provision is alleged and whether that penal code provision is one that vests jurisdiction in the trial court. *See Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009).

A person commits an offense if he forges a writing with intent to defraud or harm another. TEX. PENAL CODE ANN. 32.21(b) (West Supp. 2023). Subject to Subsection (e-1), an offense under this section is a felony of the third degree if the writing is or purports to be part of an issue of money. *See id.* §32.21(e). If it is shown on the trial of an offense under this section that the actor engaged in the conduct to obtain or attempt to obtain a property or service, an offense under this

4

section is categorized, for example, as a Class B misdemeanor if the value of the property or service is $100 or more but less than $750.  *See id.* § 32.21(e-1)(2).[2]

**Discussion**

In ***Green***, the court of criminal appeals determined that the "[s]ubject to Section (e-1)" language in subsections (d) and (e) means that those provisions are subordinate to subsection (e-1) whenever the facts necessary to trigger subsection (e-1) are present and that subsection (e-1) constitutes an element of the offense rather than a punishment-phase issue.  *See **Green*** 682 S.W.3d at 258.  Accordingly, it concluded that if the state seeks to bring a felony forgery prosecution under Section 32.21(d) or (e), it simply may track the statutory language of either of those sections; it is not required to allege and prove a non-statutory "purpose" element to show that the value ladder in subsection (e-1) is inapplicable.  *See id.*  It noted, however, that if a defendant is charged for felony-forgery under subsections (d) or (e) but the facts at trial ultimately show that she "engaged in the conduct to obtain or attempt to obtain a property or service" under subsection (e-1), then the "[s]ubject to Subsection (e-1)" language in subsections (d) and (e) means the defendant is entitled to be *convicted* and *punished* under the provisions in the value ladder, if doing so would result in a reduced offense classification and range of punishment.  *See id.* at 258–59.  The court further noted that the defendant may raise the issue of whether she has been charged under the wrong statutory subsection within Section 32.21 at trial, and such error may be remedied by the trial court or on appeal, subject to any applicable preservation requirements.  *See id.* at 259.

In the instant case, each of the two counts of the State's indictment tracks the statutory language of Section 32.21(e).  *See id.* at 258; *see also* TEX. PENAL CODE ANN. § 32.21(e).  Accordingly, we hold that the trial court erred in granting Appellee's motion to quash and dismissing the indictment.  The State's first and second issues are sustained.[3]

---

[2] Under the "value ladder" provisions of Section 32.21(e-1), the categorizations of offenses range from a Class C Misdemeanor to a First-Degree Felony depending on the value of the property in question.  *See* TEX. PENAL CODE ANN. 32.21(e-1)(1)–(7) (West Supp. 2023).

[3] As the court of criminal appeals noted, "if the State has information in its possession indicating that a defendant committed forgery to obtain property or services, it would be a better practice for the State to charge the offense under subsection (e-1)."  ***Green***, 682 S.W.3d at 279.

## DISPOSITION

Having sustained the State's first and second issues, we *reverse* the trial court's order granting Appellee's motion to quash and dismissing the indictment and *remand* the cause to the trial court for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2024**

**NO. 12-21-00001-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**SHOLUNDA FRANKLIN,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 47661-B)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the trial court's order granting Sholunda Franklin's motion to quash and dismissing the indictment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*