

# NUMBER 13-24-00426-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **RUEBEN HIGINIO RAMIREZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF JACKSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West**

Appellant Rueben Higinio Ramirez appeals his conviction for tampering with or fabricating physical evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c). Ramirez's sentence was enhanced due to two previous felony convictions, and the trial court sentenced him to twenty years' imprisonment. *See id.* § 12.42(d). Appellant argues on appeal that (1) the trial court erred when it denied the

inclusion of a lesser included offense in the jury charge, (2) the State "commit[ted] prosecutorial misconduct [which] prejudiced Appellant by asking improper questions of a defense witness," (3) there was legally insufficient evidence to support his conviction, (4) "the State fail[ed] to prove chain of custody," and (5) the trial court erred when it admitted testimony of appellant's prior conviction. We affirm.

## I. BACKGROUND

Appellant was indicted for the aforementioned offense. The indictment alleged that appellant, "knowing that an investigation was pending or in progress, namely an investigative traffic stop, alter[ed], destroy[ed], or conceal[ed] . . . a plastic bag and green leafy substance believed to be mari[j]uana, with intent to impair its availability as evidence in the investigation."

The case proceeded to trial. Texas Department of Public Safety (DPS) Trooper Ryan Mills, one of the responding officers, pulled appellant over for speeding around midnight. After Mills activated his emergency lights, but before appellant stopped his vehicle, Mills saw multiple items being thrown from inside appellant's vehicle. After appellant came to a stop, Mills testified that he could smell marijuana as soon as he approached appellant's vehicle. Appellant was the sole occupant of the vehicle. Mills walked along the side of road and recovered "a baggie" of what he believed to be marijuana and issued *Miranda* warnings to appellant. Mills then arrested appellant and transported him to jail.

Relying on dash camera footage recorded from his vehicle, Mills returned to the location where he had seen appellant throw the items. Mills recovered what he believed to be a "marijuana cigarette." The cigarette and baggie recovered from the scene were

2

sent to a DPS crime lab for analysis. Chas Bomgardner, a DPS forensic scientist, testified that she analyzed the substances, and her test results indicated that the substances were marijuana.

The jury found appellant guilty of the offense, and the trial court, based on two felony enhancement paragraphs, sentenced him to twenty years' imprisonment. This appeal followed.

## II. LESSER INCLUDED OFFENSE

Appellant first argues that the trial court erred when it denied his request for a jury instruction on the lesser-included offense of attempted tampering with evidence. He contends that he was entitled to instructions on the lesser-included offense because "the State found the physical evidence in plain sight."[1]

A defendant is entitled to submission of a lesser-included offense only if: "(1) the requested lesser offense is in fact a lesser-included offense of the charged offense, and (2) there is some evidence in the record that would permit the a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Ransier v. State*, 670 S.W.3d 646, 650 (Tex. Crim. App. 2023). Relevant here, a person commits tampering with physical evidence, if, knowing that an investigation is in progress, he "alters, destroys or conceals" anything with intent to impair its availability as evidence in the investigation.

---

[1] The State argues that appellant failed to preserve this issue on appeal because appellant, in requesting the instruction at trial, merely argued that "the officer found everything that was thrown out" and "the concealment didn't work." *See Williams v. State*, 662 S.W.3d 452, 461 (Tex. Crim. App. 2021) (providing that to preserve error with respect to a requested instruction on a lesser-included offense "the defendant must point to evidence in the record that raises the lesser-included offense"). The State argues that "law enforcement's success in ultimately finding the concealed item does not negate the fact that they were originally concealed." We will assume, without deciding, that appellant preserved this issue for our review.

*See* TEX. PENAL CODE ANN. § 37.09(a)(1). Attempted tampering with evidence is a lesser-included offense of tampering with evidence as a matter of law. *See id.* § 15.01(a); *Ransier*, 670 S.W.3d at 650. Thus, we focus on whether there is some evidence in the record that would permit the jury to rationally find that appellant is guilty only of attempted tampering. *Ransier*, 670 S.W.3d at 650.

Appellant argues that he merely attempted concealment of the evidence because "[m]ore than a scintilla of evidence" indicated that "the State found the physical evidence in plain sight." He argues that because Mills eventually found the complained-of evidence, the element of concealment was negated.

In a case with facts almost identical to this case, the Texas Court of Criminal Appeals held that the officer's "success in ultimately finding" the evidence at issue did not negate the element of concealment. *See McPherson v. State*, 677 S.W.3d 663, 665 (Tex. Crim. App. 2023). In *McPherson*, the defendant was pulled over for speeding and tossed marijuana from the vehicle before stopping. *Id.* at 664. The Court recognized that the act of throwing items out of a moving vehicle, while continuing to drive, effectively removed the items from sight, and thus constituted concealment. *Id.* at 665 ("Appellant removed his joints from sight or notice or kept them from discovery or observation when he threw them from his moving truck and led [the officer] miles away from them."). The Court further clarified that the act of concealment continued until the items had been located. *Id.* ("The concealment continued while [the officer] investigated and resolved the speeding violation, consulted his GPS, doubled back, called his supervisor, and then searched the side of the road.").

4

As in *McPherson*, appellant threw the materials out of his moving vehicle after the officer activated his lights. *See id.* While appellant was stopped, Mills searched the side of the road and found a baggie of a green leafy substance that he believed to be marijuana. After Mills arrested appellant and transported him to jail, Mills consulted his dash camera footage, returned to the scene, and found a joint. Here, the marijuana was clearly concealed from Mills throughout the encounter. *See id.* Absent some evidence specifically negating concealment, appellant did not raise the lesser-included offense of attempted concealment and was not entitled to an instruction on the offense. *See id.*; *Ransier v. State*, 670 S.W.3d 646, 651 (Tex. Crim. App. 2023) (holding that appellant was not entitled to submission of the lesser offense of attempted tampering because the evidence did not negate that appellant fully concealed the complained-of evidence).

We conclude that the trial court did not err in rejecting appellant's request for the lesser included offense instruction. *See McPherson*, 677 S.W.3d at 665; *Ransier*, 670 S.W.3d at 651. We overrule appellant's first issue.

### III.    IMPROPER WITNESS QUESTION

By his second issue, appellant prays for reversal of his conviction because the prosecutor asked improper questions regarding a witness's criminal history at trial. Appellant cites to the following exchange:

| [The State]: | Now, is it—is it not true, sir, that you, in Victoria, have a conviction for assault family violence? |
|---|---|
| [Witness]: | That is not true. It's not a conviction. I served deferred adjudication. That sentence is done. |
| | . . . . |
| THE COURT: | Hang on a second. Do you have an objection, [Defense Counsel]? |

5

[Defense Counsel]: I object to that line of questioning. I'd like to have an instruction from the Court to clear that.

THE COURT: To do what?

[Defense Counsel]: To rectify the damage he's done by bringing up a nonconviction.

THE COURT: So what is your request?

[Defense Counsel]: That you give a—give an instruction to the jury to disregard it.

The trial court then instructed the jury to disregard the testimony regarding the witness's prior charge or conviction. Immediately after, the State attempted to ask the witness about an "accusation" of a prior offense; however, the court interrupted and admonished the State from discussing "accusations" not relevant to the witness's credibility. Defense counsel did not object to the State's question.

"In order to claim on appeal that an instruction to disregard was inadequate to cure erroneous jury argument, the defendant must object and pursue his objection to an adverse ruling." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018). Appellant did not move for mistrial or otherwise "pursue his objection to an adverse ruling," nor did he object at all to the State's second question. *See id.*; *cf. Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992) (concluding appellant preserved error related to the prosecutor's improper comment on appellant's extraneous offense because appellant "immediately requested that an instruction to disregard be given and that a mistrial be declared"). Thus, appellant failed to preserve error on appeal. *See* TEX. R. APP. P. 33.1(a)(2)(A).

Even if we assume appellant preserved this issue, he also fails to explain how the alleged error harmed him in this case. *See* TEX. R. APP. P. 44.2. The trial court sustained

6

appellant's objection, instructed the jury to disregard the State's improper question, and then prevented the State from asking the second allegedly improper question. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer."). Appellant does not argue that the jury failed to follow the trial court's curative instruction. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011) ("[W]e presume that the jury understood and followed the court's charges absent evidence to the contrary."); *Wishert v. State*, 654 S.W.3d 317, 334 (Tex. App.—Eastland 2022, pet. ref'd) ("[I]t is presumed that a jury follows a trial court's instructions regarding the consideration of evidence."). We overrule appellant's second issue.

## IV. SUFFICIENCY OF THE EVIDENCE

By his third issue, appellant complains that the State failed to prove the substance thrown from the vehicle was marijuana, which he claims was a necessary element of the offense. However, the Texas Court of Criminal Appeals has clearly held that when a defendant is charged with tampering with physical evidence, the specific identity of the tampered-with evidence is not an essential element of the offense. *State v. Zuniga*, 512 S.W.3d 902, 902, 907–08 (Tex. Crim. App. 2017) ("When the State charges someone with tampering with physical evidence, is the specific identity of the tampered-with evidence an essential element of the offense? We agree . . . that it is not."); *see also* TEX. PENAL CODE ANN. § 37.09(a)(1). Appellant does not challenge the sufficiency of the evidence as any other element of the offense. Appellant's third complaint is overruled.

7

## V.     CHAIN OF CUSTODY

Appellant argues by his fourth issue that the State failed to prove the chain of custody of the marijuana. At trial, appellant's counsel raised a chain-of-custody objection after Mills testified about mailing the recovered substances to the DPS lab. The State argued that it only had to establish "the beginning and the end of the chain of custody." The trial court initially sustained the defense's objection but later overruled it and allowed the State to continue examining Mills and admit exhibits related to the chain of custody of the substances.

> Appellant's entire argument for this issue is as follows:
>
> It is not logical that the state's contention, State claimed [sic] that it only had to prove beginning and end of the chain of custody. Does not satisfy the definition of chain of custody or its purpose. State presented no case law, statute, or constitutional provision to back up its claim.
>
> The Due Process Clauses of the Fifth and Fourteenth Amendments "[protect] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.["]

An appellant's brief must concisely state all issues or points presented for the contentions made, including appropriate citations to authority and the record. TEX. R. APP. P. 38.1(i). "[A]n appellate court has no obligation to construct and compose an appellant's issues, facts, and arguments with appropriate citations to authorities and to the record." *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (cleaned up) (quotation omitted). "Stated more succinctly, an appellate court is not required to make an appellant's arguments for her." *Id.*

Appellant cites only to the Black's Law Dictionary for the "purpose of a chain of custody" in this section of his brief. Appellant fails to provide any legal authority or analysis

8

for his conclusion that the State failed to prove the chain of custody of the marijuana. *See id.* We conclude that this issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Wolfe*, 509 S.W.3d at 343; *Chaves v. State*, 630 S.W.3d 541, 555 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that appellant inadequately briefed issue on appeal because his brief contained "no substantive argument, analysis, or citation to *appropriate* authorities"). We overrule appellant's fourth issue.

## VI.     ADMISSION OF APPELLANT'S PRIOR CRIMINAL CONVICTION

Appellant's final complaint relates to the admission of extraneous offense evidence during Mills' testimony.[2] In his analysis section of this issue, appellant quotes the trial court's order granting the defense's motion for exculpatory and mitigating evidence. He then argues:

> No such notice [under 404(b)] was given. The State provided neither mail nor email to [Defense Counsel] regarding said 404(b) notice.
>
> On August 27, 2024, the State had the prior conviction admitted before the jury over the objection of the defense. The fact that Appellant was convicted was a violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. This violation is explained in *Winship* and *Jackson* supra. See also [sic] Tex. Penal Code Ann. § 2.01 [sic] (West 1994), entitled Proof Beyond a Reasonable Doubt.

(Citations to the record omitted).

Appellant cites *Jackson v. Virginia*, 443 U.S. 307 (1979) and *In re Winship*, 397 U.S. 358 (1970) solely for the standards annunciated under "the Due Process Clauses of the Fifth and Fourteenth Amendments." He does not apply *Jackson* or *Winship* to the facts of this case, and he provides no other authority for this issue. We conclude that this

---

[2] The State argues that appellant failed to preserve this issue because appellant's objection at trial only related to the prejudicial nature of the prior conviction, not Rule 404(b)'s notice requirement. We will assume without deciding that appellant preserved this issue for appellate review.

issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Wolfe*, 509 S.W.3d at 343; *Chaves*, 630 S.W.3d at 555. We overrule appellant's fifth issue.

## VII. CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
31st day of July, 2025.