# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00427-CR

---

**The State of Texas, Appellant**

**v.**

**Michael Robert Anthony, Appellee**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-1153-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The State of Texas appeals the trial court's order granting the motion to quash filed by appellee Michael Robert Anthony, who was charged by indictment with possession of child pornography. *See* Tex. Penal Code § 43.26(a). On the State's request, the trial court issued findings of fact and conclusions of law. In one issue, the State contends that the trial court erred in granting Anthony's motion because the indictment provided adequate notice of the allegations against him. We will reverse the trial court's order granting the motion to quash and remand this cause for further proceedings.

## BACKGROUND[1]

Anthony was initially cited for the misdemeanor offense of voyeurism. *See* Tex. Penal Code § 21.17(a). The offense report alleges that he used a borescope[2] to look through a hole in his closet at his sixteen-year-old stepdaughter while she showered. The borescope was alleged to be "an optical relay device" that was reportedly incapable of taking or recording images.[3] During the pretrial hearing on the motion to quash, the State described it as possessing a "snake-type extension with a camera on the end" that transmits footage to a screen on the device.

Anthony was later indicted by a grand jury for the felony offense of possession of child pornography, and the voyeurism citation was dismissed. At the motion to quash hearing, the State acknowledged that no exhibits or images of child pornography were presented to the grand jury. The indictment alleges that:

> before the presentment of this indictment, on or about the **16th day of May, 2020**, in Williamson County, Texas, **Michael Robert Anthony**, hereinafter "defendant", did then and there intentionally and knowingly access[4] with intent to view visual material that visually depicted, and that the defendant knew visually depicted, a child who was younger than 18 years of age at the time that the image of the child was made, engaging in sexual conduct, to-wit: actual lewd exhibition of the genitals.

---

[1] The facts recited are taken from the pretrial hearing on the motion and the findings of fact issued by the trial court.

[2] The findings of fact issued by the trial court define a borescope as "a flexible or rigid tube with an optical display," which "is generally not capable of recording images."

[3] The State in its response to Anthony's motion to quash stated that the borescope "does not have the capacity to record or otherwise save the images displayed on the digital display."

[4] A person may commit the offense of "Possession or Promotion of Child Pornography" by either possessing or accessing the material. *See* Tex. Penal Code § 43.26(a).

Anthony filed a motion to quash the indictment, contending that it failed to specify which, if any, images the State intended to prove at trial, thereby depriving him of "notice of the nature and cause of the accusation with sufficient clarity and detail to enable [him] to anticipate the State's evidence and prepare a proper defense." A hearing was held on the motion, at which defense counsel articulated Anthony's opposition to the indictment:

> And so, you know, the charge as indicted, child porn, does not fit the facts of this case. So I guess I'm just trying to understand, [w]here is the visual material? Where is the media? Where – how do I look at it? How do I defend against it? How do I know there's a lewd exhibition of the genitals? I mean, there's – that's my question. I'm not worried about the sufficiency at trial. I'll beat this case on a directed verdict or at – to the appeals court . . . . So I guess what I'm trying to understand is, you know, where is the lewd exhibition of the genitals? I mean, that's what I'm trying to understand, what I've got to defend against. The girl is taking a shower. That's not lewd exhibition of the genitals. So where is the image that shows that? What was shown to the grand jury? How is this case – and when you look at *in pari materia*, how is this case not square-on voyeurism?

Following the hearing, the trial court granted the motion and, on the State's request, issued findings of fact and conclusions of law. The court found:

(1)       On May 16, 2020, Defendant was issued a citation for the offense of Voyeurism. The offense report reflects that Defendant was looking through a hole in his closet with a borescope, viewing his sixteen year-old stepdaughter taking a shower.

(2)       There is no evidence before the Court that the borescope was capable of taking or recording images. It appears it was only an optical relay device. The State has presented no evidence that the borescope captured any image(s).

(3)       Despite the citation for the offense of Voyeurism, the State sought to charge Defendant with the offense of Possession of Child Pornography based on the same conduct cited in the Voyeurism case.

(4)       The State presented an arrest warrant for the offense of Possession of Child Pornography to a Magistrate Judge, but he refused to sign the

warrant because there was no probable cause to believe that Defendant possessed an image of child pornography.

(5)     The State then presented the case to a Grand Jury, but by the State's admission, no exhibits and no image of child pornography was presented to the Grand Jury.

(6)     Nonetheless, Defendant was indicted for the offense of Possession of Child Pornography on July 23, 2020, and the citation for Voyeurism was dismissed.

In its conclusions of law, the trial court explained that it had granted the motion because Anthony had "not been given notice of the image of child pornography he is required to defend himself against, presumably, because one does not exist." This appeal followed.

**DISCUSSION**

The State in one issue contends that the trial court erred in granting Anthony's motion to quash because the indictment provides adequate notice of the allegations against him. In response, Anthony asserts that "the State has not given notice of visual material of child pornography because it does not exist." Thus, Anthony argues, he "cannot adequately anticipate the State's evidence and properly prepare for trial."

In criminal prosecutions, the accused has the constitutional right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI; *see* Tex. Const. art. I, § 10 (providing that accused in criminal prosecution "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof"). An indictment "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *see also* Tex. Code Crim. Proc. arts. 21.02 (listing requisites of indictment), .03 ("Everything should be stated in an indictment which is necessary to be proved."), .04 (stating that certainty "required in an

4

indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense"), .11 ("An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.").

The question of whether an indictment provides sufficient notice of a charged offense is a question of law. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019) (citing *Moff*, 154 S.W.3d at 601). We therefore review de novo a trial court's ruling on a motion to quash that involves a defendant's right to notice of the charges against him.[5] *See Moff*, 154 S.W.3d at 601; *see also State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017) ("Appellate review of an order quashing an indictment is *de novo*."). "The trial court's ruling should be upheld if it is correct under any theory of law applicable to the case." *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017). Further, when analyzing whether a charging instrument provided adequate notice, we engage in a two-step analysis: we (1) identify the elements of the offense; and (2) determine "whether the statutory language is sufficiently descriptive of the charged offense." *Id.* at 907. "Generally, an indictment that tracks the language of the applicable statute will satisfy constitutional and statutory requirements."

---

[5] In his brief, Anthony cites *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980), for the proposition that a ruling on a motion to quash is reviewed for an abuse of discretion. The Texas Court of Criminal Appeals has explained that, while abuse of discretion was previously the standard in all such cases, when, as here, the trial court's ruling "does not turn on an evaluation of the credibility and demeanor of a witness," appellate courts should conduct a de novo review. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (observing that "[t]he trial court's decision in this case was based only on the indictment, the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue").

*Hughitt*, 583 S.W.3d at 626 (citing *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998));

*see Moff*, 154 S.W.3d at 602 (explaining that ordinarily, indictment is legally sufficient if it

tracks statutory language when "act constituting the offense is defined so that the accused is

informed of the nature of the charge").

Section 43.26 of the Texas Penal Code provides that a person commits an

offense if:

> (1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8); and
>
> (2) the person knows that the material depicts the child as described by Subdivision (1).

Tex. Penal Code § 43.26(a). "Sexual conduct" has the meaning assigned by section 43.25, *id.*

§ 43.26(b)(2), including "lewd exhibition of the genitals," *id.* § 43.25. "Visual material" means:

> (A) any film, photograph, videotape, negative, or slide or any photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide; or
>
> (B) any disk, diskette, or other physical medium that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method.

*Id.* § 43.26(b)(3). The indictment against Anthony tracks the statutory language.

Despite the general rule, an indictment tracking the statutory language is

insufficient to provide a defendant with adequate notice when the statutory language "fails to be

completely descriptive." *State v. Ross*, 573 S.W.3d 817, 833 (Tex. Crim. App. 2019); *see*

6

*Zuniga*, 512 S.W.3d at 907; *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008); *see also Moff*, 154 S.W.3d at 602 (noting that "rule applies when the indictment is framed under a statute in which the act constituting the offense is defined so that the accused is informed of the nature of the charge"). This occurs when: (1) "the statute defines a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant," or (2) "where a statute uses an undefined term of indeterminate or variable meaning." *Ross*, 573 S.W.3d at 833; *see Zuniga*, 512 S.W.3d at 907. In such cases, "a charging instrument tracking such statutory language will require more specific pleading in order to notify the defendant of the nature of the charges against him." *Ross*, 573 S.W.3d at 833. Likewise, an indictment that tracks the statute may be insufficient if a number of actions similar in kind to the charged offense occurred during the time frame specified in the indictment. *See Moff*, 154 S.W.3d at 603 (finding it was unreasonable for defendant to be required to defend against each credit card and cash transaction made during seven-year time frame in indictment and that additional information must be provided); *Swabado v. State*, 597 S.W.2d 361, 363–64 (Tex. Crim. App. 1980) (holding trial court erred in denying motion to quash because indictment failed to specify monthly staffing report on which State relied in prosecution for tampering with government record, where defendant routinely prepared and filed such reports).

Here, Anthony contends that the State failed to provide him with adequate notice of "any visual material" depicting a child engaging in lewd exhibition of the genitals. Anthony's contention does not concern an undefined term of indeterminable or variable meaning; rather, "visual material" is defined in the statute. *See* Tex. Penal Code § 43.26(b)(3); *Ross*, 573 S.W.3d at 833. Moreover, section 43.26 does not define "visual material" in such a way "as to create

several means of committing [the] offense," nor does the term concern "an act or omission on the part" of Anthony. *Barbernell*, 257 S.W.3d at 251; *see Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000) ("A list of alternatives in a statute does not constitute a manner or means of committing the offense if it does not go to an act or omission of, or conduct by, the defendant."). And Anthony does not allege, nor does the record support, the existence of additional similar acts requiring more specific pleading. *See Moff*, 154 S.W.3d at 603. Consequently, because the foregoing exceptions are inapplicable, Anthony's claim that the indictment did not provide adequate notice fails on this basis.[6]

To the contrary, Anthony's challenge to the indictment does not concern whether he received adequate notice of the charge against him but rather the sufficiency of the State's anticipated evidence, an impermissible inquiry in a motion to quash. *Cf. Diruzzo v. State*, 581 S.W.3d 788, 798 (Tex. Crim. App. 2019) ("Because [appellant's] claim will stand or fall based upon the face of the indictment, requiring no evidentiary development—and because it challenged the trial court's jurisdiction on a basis that did not require fact development—a motion to quash was an acceptable vehicle by which to raise it."). By questioning whether the images allegedly relayed to the borescope constitute "visual material" under the statute, he raises an issue of purely evidentiary import. *See Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010) ("The State need not allege facts that are merely evidentiary in nature." (quoting *Mays*,

---

[6] The present case is also distinguishable from *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016). Although the defendant filed a motion to quash, he did not challenge the indictment's lack of specificity. *See id.* at 890. Nevertheless, the trial court, in its order denying the defendant's motion, implied that it would be receptive to such an argument, prompting the State to file a bill of particulars identifying the act alleged to constitute a misuse of government property. *Id.* at 890–91. Neither this Court's decision, *see Ex parte Perry*, 471 S.W.3d 63 (Tex. App.—Austin 2015), *aff'd in part, rev'd in part*, 483 S.W.3d 884, nor that of the Court of Criminal Appeals addressed the sufficiency of the notice provided in the indictment.

967 S.W.2d at 406)); *Zuniga*, 512 S.W.3d at 907 ("Typically the definition of terms and elements are regarded as evidentiary matters.").

"Texas has no pretrial procedure enabling a criminal defendant to challenge, or a trial court to determine, the sufficiency of the evidence on an element of the charged offense." *State v. Rogers*, 138 S.W.3d 524, 526 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Accordingly, an indictment "cannot be defeated by evidence presented at a pretrial hearing." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (noting that motion to quash, "like any pre-trial motion, cannot be used to argue that the prosecution could not prove one of the elements of the crime" and that "a pre-trial proceeding should not be a 'mini-trial' on the sufficiency of the evidence to support an element of the offense"); *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011) ("Texas law does not permit a defendant in a criminal case to attack the sufficiency or adequacy of an indictment by evidence beyond the four-corners of that indictment."); *Carpenter v. State*, 477 S.W.2d 22, 23 (Tex. Crim. App. 1972) ("This Court has consistently refused to go behind the indictment where it is valid on its face."). "In a pretrial setting, there is neither constitutional nor statutory authority for a defendant to test—or for a trial court to determine—the State's cache of evidence to support an element alleged in the indictment. If the trial court conducts such a hearing, it errs grievously." *State v. Habern*, 945 S.W.2d 225, 226 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

The record demonstrates that the indictment provided Anthony with notice that is specific enough to allow him to investigate the allegations against him and establish a defense and that both the motion to quash and pretrial hearing on the motion were proscribed attempts to test the sufficiency of the State's evidence. Defense counsel's arguments during the hearing belie the pretextual nature of Anthony's claim. As counsel explained:

9

[B]asically, there's no disagreement about what happened in terms of the facts, you know, so when I read this case, you know, basically, if the facts are believed, of course, you know, by the jury, the allegations are that, you know, my client, you know, allegedly, you know, drilled into the wall, had a borescope, looked into the bathroom with his 16 year old stepdaughter showering. And that's basically – and then I guess the mother of the girl discovered him doing that and then called the police, and that's how we got here.

. . . .

So my position here, Your Honor, is that when you're looking at a – when you're using a borescope, you're looking through a hole in the wall. It's basically like looking out – looking in a window. You're seeing – what you're seeing is what is happening. There's no recording. Or a telescope. If you want to analogize it to a telescope, you're looking. You're seeing something that you couldn't see with your eye, but you use this thing and you see what your eye is seeing. There's no recording on it.

Asking, "Where is the visual material? . . . How do I defend against it," counsel proceeded to provide an answer, continuing, "I'm not worried about the sufficiency at trial. I'll beat this case on a directed verdict or at – to the appeals court. I know it. And I don't usually make predictions like this, but this case is so off base." Ultimately, counsel recognized that the motion's substance amounted to an assertion that "the facts don't fit the charge" because "[t]here is no image under the definition of visual material in the Code of Criminal Procedure." Instead, counsel suggested, "[T]he more specific statute on this case – it is a voyeurism case under the . . . Penal Code."

Whether the case would have been more appropriately charged as voyeurism or the State will be able to prove that an image displayed on a borescope is "visual material" are not proper subjects for a motion to quash. We addressed a similar issue in *Taylor v. State*, No. 03-19-00077-CR, 2021 WL 476657, at *5 (Tex. App.—Austin Feb. 10, 2021, pet. ref'd) (mem. op., not designated for publication). Taylor was convicted of three counts of possession of child pornography. *Id.* at *1. On appeal, he challenged the trial court's denial of his motion

10

to quash, claiming that "by failing to identify particular images, the indictment did not give him sufficient notice of the charges against him, requiring him 'to defend against over 300 images, rather than ten as alleged in the indictment, resulting in a constitutional violation.'" *Id.* at *5. We noted that the indictment tracked the statutory language and identified the specific sexual conduct alleged in each count and therefore provided adequate notice to Taylor of the charges against him. *Id.* The specific images alleged, conversely, were precisely the sort of evidentiary facts that did not need to be pleaded. *Id.*

During the pretrial hearing in the present case, defense counsel attempted to distinguish *Taylor* by emphasizing that, on that occasion, the State actually possessed images stored on electronic devices. He explained:

> [W]hat's distinguishable about that case and this case is that in that case we actually had images, images, pictures of a thumbnail, thumbnail in [defendant's] phone that had been transferred by an SD card, a media, onto his phone. We actually had images.
>
> That's not my point. I'm not arguing about what images. I'm not saying you have to specify these images and not specify these images and these are extraneous and all that stuff. I'm not talking about that. I'm talking about in this case I don't even have any image. It's different.

Counsel misunderstands the significance of our reasoning in *Taylor*. We did not find that the indictment against Taylor was sufficient because the State was able to provide copies of images or the devices on which the images were stored. On the contrary, we expressly refused to engage in any examination of the specific images alleged in the indictment. The State was not required to identify the particular images in the indictment, not because they existed in a certain form or on certain devices, but because that is an evidentiary matter, which does not need to be pleaded. Similarly, whether the image displayed on a borescope is "visual material" under

11

section 43.26(b)(3) is not of consequence when evaluating the sufficiency of notice provided by the indictment in this case.

For the foregoing reasons, we conclude that the trial court erred in granting Anthony's motion to quash. We sustain the State's issue on appeal.

## CONCLUSION

Having sustained the State's sole issue on appeal, we reverse the trial court's order granting Anthony's motion to quash and remand for further proceedings.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Reversed and Remanded

Filed: April 29, 2022

Do Not Publish