**AFFIRMED as MODIFIED and Opinion Filed January 19, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00216-CR**

_____

**MOLLY LOUISE WILKERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-2145223-J**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Garcia

Molly Louise Wilkerson was convicted in a bench trial of assault by impeding normal breathing and circulation ("occlusion assault"). The court assessed punishment at two years in prison but suspended the sentence and placed her on community supervision for two years. In two issues, appellant argues the trial court erred by denying her motion to quash the indictment and the evidence is insufficient to support her conviction. In a cross-point, the State requests that we modify the judgment.

Finding no reversible error, we modify the judgment, and as modified, affirm.

# I.   Background

Appellant was charged with occlusion assault and moved to quash the indictment. The trial court denied the motion. Appellant pleaded not guilty, waived her right to a jury and to counsel, and elected to represent herself at trial.

The evidence adduced at trial established that appellant was involved in a custody dispute with Mark Maldonado, the complainant. On the day in question, appellant, Maldonado, Maldonado's mother, the two children, and other family members gathered at a restaurant to celebrate a birthday.

At one point, appellant went outside with the children to look at a fountain. Before appellant went outside, she got close to Maldonado and said, "I'm going to effing stab you; I'm going to cut you in the jugular." Maldonado declared the visit over and went outside to move his car.

When Maldonado returned to the restaurant, he saw appellant running at him. Appellant got behind him and started choking him with her arm. Maldonado said appellant put her arm around his neck and alternated hanging off of him and walking behind him with her arm around his neck. Maldonado was in shock and thought appellant would stop, but by the time he made it to the table, he could not breathe.

Maldonado described a "feeling of suffocation like you're gonna pass out or bad things are going to happen." The lack of air was "painful."

Appellant denied that she choked Maldonado. Instead, she claimed that she put her arm around his shoulders in an effort to get in front of him.

The court found appellant guilty of occlusion assault as charged, assessed punishment at two years in prison, and suspended the sentence to place appellant on community supervision for two years. This timely appeal followed.

## II. Analysis

### A. Motion to Quash

Appellant's first issue argues the trial court erred by denying her motion to quash the indictment.

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008). To provide this fair notice, the charging instrument must convey sufficient information to allow the accused to prepare a defense. *State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019). An indictment must set forth an offense "in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02.

Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." TEX. CODE CRIM. PROC. ANN art. 21.03. Finally, Article 21.04 provides that "[t]he certainty required in an indictment is such that will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX. CODE CRIM. PROC. ANN art. 21.04. An indictment is sufficient if it:

> charges the commission of the offense in ordinary and concise language
> in such a manner as to enable a person of common understanding to
> know what is meant, and with that degree of certainty that will give the

defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

*Id*. art. 21.11. An indictment is not insufficient if "the information requested in a motion to quash is essentially evidentiary in nature rather than be required for purposes of notice and bar." *Moreno v. State*, 721 S.W.2d 295, 300 (Tex. Crim. App. 1986).

We review a challenge to quash an indictment de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). *Barbernell* prescribed a two-step analysis for evaluating the adequacy of an indictment's allegations. "First, a court must identify the elements of an offense." 257 S.W.3d at 255. Second, if an element of the offense describing an act or omission by the defendant has been defined by the Legislature, a court must ask whether the statute provides "alternative manners or means in which the act or omission can be committed." *Id*. If so, then the pleading "will supply adequate notice only if, in addition to setting out the elements of an offense, it also alleges the specific manner and means of commission that the State intends to rely on at trial." *Id*.; *Jarreau v. State*, 512 S.W.3d 352, 354–55 (Tex. Crim. App. 2017).

The indictment here alleged that appellant:

> . . . did then and there intentionally, knowingly, and recklessly cause bodily injury to [Complainant] . . . by GRABBING AND BY SQUEEZING COMPLAINANT'S NECK AND THROAT WITH AN ARM AND BY FORCING AN ARM TO AND AGAINST COMPLAINANT'S NECK AND THROAT.

and further . . . the Complainant was a member of [Appellant's] family and household and a person with whom [Appellant] has had a dating relationship . . .

and further . . . [Appellant] committed the said offense by intentionally, knowingly, and recklessly impeding the Complainant's normal breathing and circulation of blood by applying pressure to the Complainant's throat and neck and by blocking the Complainant's nose and mouth.

Appellant argues the indictment should have been quashed "based on the vague nature of the manner in which the State alleged that [she] committed the offense (or offenses) charged." Specifically, appellant contends that Maldonado made one factual statement to the police—that she used her arms to commit the offense—and then made a different factual statement in an affidavit—that she used her hands in the offense. Accordingly, appellant states that the indictment prevented her from knowing "if she was defending herself against a claim [that] she choked Maldonado with an arm or with a hand." We understand the argument to assert that the language in the indictment concerning the manner of committing the act is too vague to provide her with notice of the charged offense. This argument is not persuasive.

An indictment that tracks the language of the statute usually gives sufficient notice. *Jarreau*, 512 S.W.3d at 354. The exceptions to this general rule are (1) when the statute itself uses an undefined term of indeterminate or variable meaning, (2) the statute defines the manner and means of commission in several alternative ways, or (3) the statute does not define the act constituting the offense, that is, the statute

does not define the manner and means of commission at all. *Zuniga v. State*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017). If any of these exceptions are present, additional specificity may be required. *See State v. Ross*, 573 S.W.3d 817, 833 (Tex. Crim. App. 2019).

Here, appellant identifies no exception requiring departure from the general rule. The statute provides that a person commits occlusion assault if the person: (1) commits assault by intentionally, knowingly, or recklessly causing bodily injury to another; (2) commits the assault by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of blood by applying pressure to the other's throat or neck or by blocking the other's nose or mouth; and (3) has a relationship to or association with the other person that is described by Family Code section 71.0021(b), 71.003, or 71.005. TEX. PENAL CODE ANN. §22.01(a)(1), (b)(2)(B); *see also Price v. State*, 457 S.W.3d 437,440–41 (Tex. 2015). Thus, the required bodily injury is "impeding normal breathing or circulation of the blood." TEX. PENAL CODE ANN. § 22.01(b)(2)(B); *Ortiz v. State*, 623 S.W.3d 804, 807 (Tex. Crim. App. 2021). The manner and means of committing the crime can be either by applying pressure to the person's throat or neck, or by blocking the person's nose or mouth. TEX. PENAL CODE ANN. §22.01(a)(1), (b)(2)(B).

Appellant argues that the terms "grab," and "squeeze," are not defined. But these terms do not appear in the statute, so her challenge cannot be understood to allege that the statute itself contains an undefined term of indeterminate or variable

–6–

meaning. *See Ross*, 573 S.W.3d at 833; *State v. Anthony*, No. 03-21-00427-CR, 2022 WL 1289211, at *4 (Tex. App.—Austin 2022, pet. ref'd). Nonetheless, appellant asserts that the indictment is vague because "grabbing," as defined by the dictionary, is usually done with a hand, and "squeezing" is normally done with and hand or arm. Regardless of how an act may be typically performed, however, the indictment gives notice that the grabbing and squeezing here was done by "an arm."

Appellant's argument ignores that the occlusion assault statute defines the manner and means of committing the offense. TEX. PENAL CODE ANN. §22.011(b)(2)(B). "When a statute defines the manner and means of committing an offense, an indictment based on that statute need not allege anything beyond that definition." *State v. Edmond*, 933 S.W.2d 120, 130 (Tex. Crim. App. 1996). The indictment at issue alleged both manner and means and tracked the language of the statute.[1] Under these circumstances, the trial court did not err in concluding that the conduct alleged was not so vague or indefinite as to deny appellant effective notice of the actions she was alleged to have committed. *See Devaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

Moreover, appellant has not explained how the alleged deficiency impacted her ability to prepare a defense. *See* TEX. R. APP. P. 44.2(b). Appellant's defense was not predicated on grabbing or squeezing; her defense was that she did not choke

---

[1] Appellant does not challenge the indictment for alleging both statutorily defined manner and means.

Maldonado at all. *See Alcala v. State*, 07-10-00372-CR, 2012 WL 1034181, at *4 (Tex. App.—Amarillo Mar. 28, 2012, pet. ref'd) (mem. op., not designated for publication) (no prejudice to substantial rights when alleged defect was failure to specify means of striking and defensive theory was that there was no striking at all). And while appellant generally states that she was "in the position of being placed in jeopardy for the same offense," the record reflects that the indictment clearly defined the offense along with a specific description of appellant's acts in committing that offense. Appellant's first issue is overruled.

## B.    Sufficiency of the Evidence

Appellant's second issue challenges the sufficiency of the evidence to support her conviction for occlusion assault. Appellant's argument challenges only the "impeding" element of the offense, that is, the sufficiency of evidence that she was "impeding the normal breathing or circulation of blood by applying pressure to the [complainant's] throat or neck or by blocking the other's nose or mouth."

When we review the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate the weight of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Nor may we replace the factfinder's judgment with our own. *Id*. The factfinder exclusively determines the credibility of the witnesses and the weight to be given their testimony.

–8–

*See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Our duty is to ensure that the evidence presented supports the verdict and that the State has presented a legally sufficient case of the offense charged. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

Appellant's argument is premised on the absence of witness testimony about impeding Maldonado's circulation of blood. She also challenges Maldonado's mother's testimony because she did not specifically testify that appellant's actions were impeding Maldonado's breathing. Finally, she challenges Maldonado's credibility.

We reject appellant's challenge based on conflicting evidence. Appellant's testimony that she did not choke Maldonado and Maldonado's testimony to the contrary involved credibility determinations for the factfinder. *See Wise*, 364 S.W.3d at 903. We do not second-guess those determinations on appeal. *See id.*

The evidence was sufficient to find appellant guilty of the charged offense. Maldonado's mother testified that she observed appellant holding on to Maldonado with her arms over his neck while Maldonado was trying to get away. Maldonado was struggling and had difficulty walking and "catching his composure."

Maldonado testified that appellant had her arm around his neck and by the time he made it to the table, he could not breathe. He described the lack of air as "painful," and a "feeling of suffocation like you're gonna pass out . . . ." From this evidence, the court could rationally find that appellant impeded Maldonado's normal

breathing or circulation. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). Appellant's second issue is resolved against her.

**C.    Modification of the Judgment**

In a cross-point, the State requests that we modify the judgment to reflect that: (1) there was no plea bargain, (2) punishment was assessed at 2 years TDCJ Correctional Institutions Division, (3) defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to counsel, and (4) the court did not order Defendant's sentence executed.

We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Here, the record supports the requested modifications. We therefore sustain the State's cross-point and modify the judgment accordingly.

### III.    Conclusion

Having resolved all of appellant's issues against her, we modify the judgment, and as modified, affirm.

/Dennise Garcia/

DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220216F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOLLY LOUISE WILKERSON,
Appellant

No. 05-22-00216-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F-2145223-J.
Opinion delivered by Justice Garcia.
Justices Carlyle and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that: 1.) there was no plea bargain, 2.) punishment was assessed at 2 years TDCJ Correctional Institutions Division, 3.) defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to counsel, and 4) the court did not order Defendant's sentence be executed.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 19, 2023