# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00138-CR

**Emilio Ramirez-Torres, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2016-842, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Emilio Ramirez-Torres appeals his tampering with physical evidence conviction on sufficiency grounds. We will affirm.

## BACKGROUND

Responding to a report of marijuana use under the Faust Street Bridge in New Braunfels, Officer Stephen Dowell went to investigate. As he neared the river, he smelled fresh marijuana. Dowell saw Ramirez-Torres sitting on a rock with his back to him. Ramirez-Torres had his phone in his hand and Dowell saw "a green leafy substance" that "smelled like marijuana" on its screen. Dowell asked him what he was doing, and Ramirez-Torres said he was "rolling a joint." When Ramirez-Torres turned his head and saw that the voice asking the question belonged to a police officer, he "threw what was on the screen into the nearby river—in the direction of the nearby river." Dowell could tell that Ramirez-Torres had been drinking beer. He could smell it,

and Ramirez-Torres was sitting next to a cooler with empty containers. Dowell arrested him for public intoxication "due to being in a public place. He was alone and not with anybody else at the time, and he had been drinking alcohol." Ramirez-Torres "was near the river and proved to be an endangerment [to] himself depending on the quantity of alcohol that he had consumed." And "he had tampered with evidence, making it a felony to make that inaccessible for me." Officer Tye Jackson searched Ramirez-Torres and found a pack of cigarettes on him that "smelled very strongly" of unburnt marijuana, but found no marijuana.

Dowell looked in the vicinity but did not find any "small bits of green marijuana mixed in with the grass and the rocks and everything nearby."

Ramirez-Torres was indicted on a single count of tampering with physical evidence in two paragraphs. The first alleged Ramirez-Torres, knowing that an investigation was pending or in progress, altered, destroyed, or concealed marijuana with intent to impair its verity, legibility, or availability as evidence in the investigation. The second alleged Ramirez-Torres, knowing that an offense had been committed, altered, destroyed, or concealed marijuana with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to that offense.

At a jury trial, Dowell and Jackson testified about the incident as described above. Ramirez-Torres cross-examined Dowell on the fact that in his report, Dowell 1) wrote that Ramirez-Torres threw the marijuana *towards* the river rather than *in* the river, and 2) did not document that Dowell tried to locate what he had seen thrown. Ramirez-Torres also asked Dowell whether he could have charged Ramirez-Torres with misdemeanor possession of marijuana instead of felony tampering, and Dowell testified that he could not have; he could not prove "one way or the other" that the substance was marijuana after Dowell "made it unavailable" to him. The jury

2

found Ramirez-Torres guilty as charged, assessed punishment at four and a half years' confinement, and recommended the trial court put him on community supervision. The trial court assessed the sentence as recommended, suspended the sentence, and placed Ramirez-Torres on community supervision for seven years. In a single issue, Ramirez-Torres contends the evidence is insufficient to support the conviction because the evidence showed he either moved the marijuana into plain sight or never possessed it in the first place.

## APPLICABLE LAW AND STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). Under that standard, we examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences from the evidence in the verdict's favor to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). "[N]o evidence is ignored because the standard requires a reviewing court to view all of the evidence in the light most favorable to the verdict." *Cary v. State*, 507 S.W.3d 750, 759 n.8 (Tex. Crim. App. 2016) (internal quotation marks and emphasis omitted). "An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Rather, "[a] court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id*. This rationality requirement is a key and explicit component of the *Jackson* sufficiency standard. *See Jackson*, 443 U.S. at 319.

## APPLICATION

Under the tampering-with-physical-evidence statute, and the charges here, the jury could convict Ramirez-Torres of either a section 37.09(a)(1) or 37.09(d)(1) offense. *See* Tex. Penal Code § 37.09(a)(1) ("(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]"); § 37.09(d)(1) ("(d) A person commits an offense if the person: (1) knowing that an offense has been committed, alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense[.]"). The indictment named the thing altered, destroyed, or concealed—with the requisite knowledge and intent—as marijuana. Although the State was not necessarily required to allege the specific identity of the tampered with "thing" in the indictment as marijuana, *see State v. Zuniga*, 512 S.W.3d 902, 906-09 (Tex. Crim. App. 2017), it did. The hypothetically correct jury charge therefore requires (as the actual jury charge did here), proof that the tampered-with thing was marijuana. *See David v. State*, 663 S.W.3d 673, 679 (Tex. Crim. App. 2022).

1. *Possession of Marijuana*

Ramirez-Torres argues that because the officers never found marijuana, he never possessed it. But a jury is entitled to rely on an officer's lay opinion that he smelled or saw marijuana as evidence of possession. *Osbourn v. State*, 92 S.W.3d 531, 538-39 (Tex. Crim. App. 2002); Tex. R. Evid. 701 (lay opinion testimony must be "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a

4

fact in issue"). "Unlike other drugs that may require chemical analysis, mari[j]uana has a distinct appearance and odor that are familiar and easily recognizable[.]" *Osbourn*, 92 S.W.3d at 538. Dowell's opinion that Ramirez-Torres possessed marijuana, based on the odor he smelled and the green, leafy substance he saw, was one that a reasonable person could draw from the circumstances. *Id*. And that testimony was helpful to the determination of a fact in issue—whether Ramirez-Torres had possession of marijuana. *Id*.

Ramirez-Torres argues that Dowell's opinion testimony (even combined with Jackson's opinion testimony that his pack of cigarettes smelled very strongly of unburnt marijuana and his own statement that he was rolling a joint), is inadequate to prove possession because Dowell and Jackson failed to find the evidence and verify that it was marijuana. In *David*, 663 S.W.3d 673, the Court of Criminal Appeals rejected a similar argument.

There, agents testified that the defendant flushed narcotics before they breached the door of the bathroom, and they found only the remnants of what did not flush mixed with excrement. *Id*. at 677. The Court found that the agents' testimony that the "loose green leafy substance in the toilet" was marijuana was sufficient to establish that the substance was marijuana. *Id*. at 677, 681. "Just because the agents could have collected the marijuana, dried it, and tested it, does not mean that the agents had to collect the marijuana, nor does it mean that the evidence is somehow 'less sufficient' because they did not." *Id*.

Dowell's lay opinion as to the identity of the substance he smelled and saw was rationally based on his firsthand sensory experience, probative to possession, and consistent with Jackson's testimony that his pack of cigarettes smelled like marijuana, and Ramirez-Torres' statement that he was "rolling a joint." And although Dowell, on cross-examination, stated that he could not "legally prove" the substance was marijuana because Ramirez-Torres "threw it in the

5

river," the jury is the exclusive judge of the facts and is bound to receive the law applicable to the case from the trial court. Tex. Code Crim. Proc. arts. 36.13, 36.14. Under *Osbourn* and *David*, Dowell's testimony was sufficient to support the jury's threshold finding that Ramirez-Torres possessed marijuana. *See Osbourn*, 92 S.W.3d at 538; *David*, 663 S.W.3d at 681.

2. *Concealment of Marijuana*

Ramirez-Torres argues that his moving of evidence did not alter or conceal it, and that this case is controlled by *Stahmann v. State*, 602 S.W.3d 573 (Tex. Crim. App. 2020). There, the Court of Criminal Appeals held that evidence that the defendant threw a pill bottle over a wire fence was not sufficient to support a tampering conviction where witnesses never lost sight of the pill bottle, witnesses directed an officer to the bottle, the officer could see it "very clearly," and the officer easily retrieved it. *Id*. at 576, 580-81.

In so doing, the Court explained that to conceal a physical thing is to hide it, remove it from sight or notice, or keep it from discovery or observation. *Id*. at 581. It held that a rational jury could have reasonably inferred that Stahmann intended to conceal the pill bottle when he threw it over the fence, but it could not find actual concealment because the evidence showed that "the bottle landed short of the bush in plain view on top of some grass." *Id*. Since *Stahmann*, the Court has emphasized that its holding was a narrow one.

In *McPherson v. State*, 677 S.W.3d 663 (Tex. Crim. App. 2023), the Court held that evidence a defendant threw marijuana cigarillos out of his moving vehicle was sufficient to support his tampering-by-concealment conviction even though the officer knew where the "brown objects" landed and, after backtracking, retrieved them from plain view on the side of the highway. *Id*. at 664-67. Unlike in *Stahmann*, the evidence was not in "continuous sight" and was not immediately

6

discovered.  *Id*. at 666-67.  And in *Ransier v. State*, 670 S.W.3d 646 (Tex. Crim. App. 2023), the Court held that the defendant was not entitled to a lesser-included offense instruction on attempted tampering where the officer testified that the defendant momentarily concealed a syringe from him by holding it in his fist and shoving it underneath the driver's side seat.  *Id*. at 648, 650-51.

The through line on these cases is that to prove tampering by concealment, the thing concealed must in fact be hidden, removed from sight or notice, or kept from discovery or observation—even if just temporarily.

Here, the State offered evidence that, owing to Ramirez-Torres's action, the marijuana was permanently hidden, removed from sight, or kept from discovery.  Ramirez-Torres notes that the Texas tampering-with-evidence statute does not include a "moves" theory of liability, and asserts that the evidence shows only movement, a brushing of the substance onto the ground, where it remained in plain sight, like the pill bottle in *Stahmann*.  But that is not what the evidence, looked at in the light most favorable to the verdict, shows.  Dowell testified that when he walked up and Ramirez-Torres turned and saw him in his patrol uniform, Ramirez-Torres tossed the loose marijuana on his phone screen "into the nearby river -- in the direction of the nearby river" and Dowell was unable to collect it.  Dowell testified that he attempted to recover the marijuana by looking around the vicinity for "the small bits of green marijuana mixed in with the grass and the rocks and everything nearby," but was unsuccessful.

Ramirez-Torres points out that Dowell's search was short, that there is no evidence that Dowell searched using his sense of smell and that the "record is silent as to difficulties" Dowell might have had while searching for the marijuana.  But the difficulties are inherent to the circumstances:  Dowell's testimony, when examined in the light most favorable to the verdict, supports a reasonable inference that Ramirez-Torres tampered with the evidence by dispersing it

into an environment that either camouflaged it (rocks and grass) or absorbed it (river). *Jackson*, 443 U.S. at 319. And, as a matter of common sense, searching for "small bits of green marijuana" among rocks and grass is more difficult than searching for a pill bottle, cigarillo, or syringe in the same environment. The marijuana was not moved into plain view, quite the opposite. Finally, Ramirez-Torres asserts that the search should have been for the "grassy substances" Dowell saw, instead of just for marijuana. But we have already held that Dowell's opinion that what he saw and smelled was fresh marijuana was sufficient to prove it was fresh marijuana. Here, the jury had before it testimony from which it could conclude that Ramirez-Torres did not just move the marijuana; he concealed it. *See Stahmann*, 602 S.W.3d at 581; *McPherson*, 677 S.W.3d at 664-65; *Ransier*, 670 S.W.3d at 648.

## CONCLUSION

The combined and cumulative force of all the admitted evidence, viewed in the light most favorable to the verdict, supports the jury's threshold finding that Ramirez-Torres possessed marijuana, and its ultimate finding that he concealed it. *See Jackson*, 443 U.S. at 319. Ramirez-Torres does not challenge the sufficiency of the evidence to prove the remaining elements of tampering with evidence, so we affirm the judgment of the trial court. Tex. R. App. Proc. 47.1.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, and Justices Kelly and Theofanis

Affirmed

Filed: December 12, 2024

Do Not Publish

8